# OCTOBER TERM, 1866, AT DETROIT.

———o•⋆———

## Maria Chaffee v. Amos Chaffee.

*Alimony and expenses. When sufficiency of bill will not be considered on motion.* In an application for alimony and expenses, made by a wife who is complainant and appellant, this Court will not decide upon the sufficiency of the bill, when the parties have taken testimony in the cause and gone to hearing upon proofs, instead of demurring.

*Practice where expenses are allowed.* In this case the appeal having been taken by complainant, and the court having granted an order that defendant advance the expense of printing, but it being claimed that much irrelevant matter had been introduced, it was also ordered that complainant execute security to refund the same, or such part as might be thereafter decreed to be refunded.

*Heard October 3d. Decided October 4th.*

*L. Bishop* and *G. V. N. Lothrop*, for the motion.
*D. C. Holbrook* and *S. T. Douglass*, contra.

BY THE COURT.

The complainant filed her bill in the Circuit Court in chancery, for a divorce *a mensa et thoro.* The defendant put in an answer; the case was heard in the court below on pleadings and proofs, and her bill was dismissed after a full hearing upon the merits. She appealed to this Court, and a motion is now made by her counsel for temporary alimony, for the costs of the return, of printing the record and brief, and for a reasonable attorney and counsel fee in this Court.

This motion is opposed on the ground that the bill does not set forth a case which would authorize a decree for divorce.

As this objection is one which would rest upon the same grounds as a demurrer to the bill, and the defendant did not see fit to demur, but took issue upon the facts, and evidence

CHAFFEE *v.* CHAFFEE.

has been taken which constitutes the great bulk of the record, it is clear that if the objection to the bill is well founded, this evidence would never have been taken, nor the expense of the printing incurred, if the bill had been demurred to. It would, therefore, be unfair to complainant to deny the motion upon any such ground. This objection, therefore, must be reserved for the hearing of the case.

We think the complainant is entitled to an order for a reasonable attorney or counsel fee in this Court; and we therefore allow her one hundred dollars for this purpose. The actual expense of printing briefs must also be allowed. She is also entitled to temporary alimony to commence from the first day of August, at which time the alimony allowed in the court below ceased.

But, in fixing the amount, we do not think we are at liberty to go beyond her actual necessities. We are not at liberty to prejudge the case, by fixing the amount on the same broad principles which would apply in fixing the amount of permanent alimony. We allow her fifty dollars per month from the first day of August last, payable monthly during the pendency of this suit, or until the further order of the court.

As to the costs of the return and printing, it is urged that a very large portion of the record consists of irrelevant testimony, with the printing of which it would be unjust to charge the defendant in any event. As this is a point on which we shall be better prepared to decide upon the hearing, we reserve, till then, our final determination of it.

But, in order to prevent any hardship, we will direct the necessary expenses of printing and return to be advanced by defendant, upon complainant's filing a satisfactory bond in the sum of $500, conditioned to refund the same, or such part thereof, as may be decreed by this Court hereafter to be refunded. Such payment to be made in ten days from filing and approval of such bond.