## Sarah Zeigenfuss v. David Zeigenfuss and Hannah Zeigenfuss.

*Practice in the Supreme Court: Alimony.* Alimony is not a matter of course in the Supreme Court. When the wife was complainant below, and she appeals, there must be a satisfactory showing of the reasonableness and good faith of the appeal, and that the granting of alimony will be necessary to prevent a failure of justice, and the wife from suffering, to justify its allowance.

*Heard October 5. Decided October 6.*

Motion for alimony in a cause pending on appeal by Sarah Zeigenfuss from the Circuit Court for the County of Kent in Chancery, dismissing her bill for a divorce.

*Wilson Gray,* for the motion.

PER CURIAM.

Complainant filed her bill for divorce against defendant, David Zeigenfuss, for ill treatment, and the bill was dis-

missed in the Court below, and she has appealed. She now asks for alimony *pendente lite,* and for an allowance, on petition showing her want of means and her husband's condition as to property. *Contra* affidavits were presented. There was no affidavit or other showing that the appeal was brought in good faith, and for reasonable cause.

It seems to have been supposed that alimony is a matter of course in this Court. This is not so. When the wife appeals we always require some proof of the reasonableness and good faith of the appeal, and also proof that it is necessary to grant alimony against the husband to prevent a failure of justice and to save the wife from suffering. And when the wife was the moving party in the commencement of the suit, and has had her bill dismissed, the showing must be very satisfactory.

In this case there is no showing whatever as to the good faith or propriety of the appeal, and upon the question of necessity the facts are not sufficient. It appears that the husband is poor and not able to furnish any considerable amount for alimony, and that the wife's friends are well off and not indisposed to aid her. We do not think there will be any great danger of a failure of justice by reason of the denial of alimony; and we deny the application, but without costs.