WERTZ v. WERTZ.

1. **Divorce:** INSANITY. Insanity occurring after marriage does not constitute ground for a divorce.

2. ———: ———: CRUEL AND INHUMAN TREATMENT. Nor is cruel and inhuman conduct, of which one of the parties, while insane, may be guilty toward the other, a cause for divorce within the contemplation of the statute.

*Appeal from Boone Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION for divorce. The petition states the cause of action as follows:

"1. On the 7th day of February, 1874, plaintiff filed a petition alleging a marriage of himself to defendant, in Boone county, Iowa, on May 25th, 1870.

"2. That they lived together as husband and wife till June, 1872, when defendant, without any fault or neglect on his part, became hopelessly and incurably insane, and by reason of her insanity she became, and was dangerous to live with; that she had often struck at him with a knife and other deadly weapons, and tried to kill or injure him; that one child was born to them, and that had to be kept from her to save its life; that she became careless of her person, lost all sense of shame and virtue, and was so dangerous and intent on destruction of everything that come in her way, that his life was endangered by living with her; and that she had been a long time confined in the Insane Asylum at Mt. Pleasant, Iowa, where she was not improving, but was declared hopelessly and incurably insane, being supported there by the county.

"3. Impotency caused by insanity."

The court appointed D. R. Hindman, Esq., to make a defense, and a demurrer was filed to the petition, which being sustained, the plaintiff appeals.

*Hull & Ramsey*, for appellant.

*D. R. Hindman*, for appellee.

SEEVERS, CH. J.—Marriages may be annulled under the Code where either party was impotent, insane or idiotic, at the time of the marriage. Sec. 2231. But neither, whether existing at the time of the marriage, or arising subsequent thereto, are in terms made grounds for a divorce. The statutory ground or cause of divorce, on which the plaintiff must succeed, if at all, is as follows: "When the defend-

ant is guilty of such inhuman treatment as to endanger the life of the plaintiff." Code, Sec. 2223. The inhuman treatment on which the plaintiff relies occurred while the defendant was insane and mentally incapable of knowing what she did. It is the accepted doctrine that adultery, committed while the party is insane, is not a ground of divorce. 1 Bishop on Marriage and Divorce, Sec. 712, and authorities cited. If this be true, and it seems to us it must be, why should consequences flow from acts of cruelty, which do not from the adultery of the insane party? Cases may exist where the party has committed adultery while sane and afterward becomes insane, in which it has been held such insanity will not bar a divorce. 2 Bishop, Secs. 304, 308. We do not desire to commit ourselves to this doctrine, for it is unnecessary to do so; but there is a clear and well defined distinction between adultery committed while sane and insane. The former has the assent of the mind; the party knows the consequences and accepts the responsibility and contingency of disgrace; in the latter all these are wanting.

It is said that marriage is a civil contract and should be dissolved for like causes as other contracts, or rather that insanity of a partner is sufficient cause to warrant a dissolution of the contract of partnership, and that the same cause should dissolve the marriage relation. Without wishing to be understood as adopting the view that the contract of marriage bears the slightest resemblance to that of partnership, still we may admit such resemblance in a legal point of view, and yet the position claimed by counsel for the plaintiff stands unproved. The marriage relation, or contract, can only be dissolved on some one of the grounds named in the statute, and insanity is not one of these. We do not require a statute to aid us in determining what grounds are necessary to dissolve a partnership. The distinction between the two cases is obvious, and none more alike can, we apprehend, be cited. It is said the attack made on the plaintiff with a knife was an assault, and that "insane persons are generally held civilly liable for torts, as the actionable quality of such acts do not depend upon intention." *Behrens v. McKenzie*, 23 Iowa, 333. Accepting the

foregoing, which was said by DILLON, J., by way of argument as true, it has no application to this case. Here, the plaintiff asks a dissolution of the contract substantially because the defendant is insane; but insanity is not a ground for the dissolution of this contract, and the defendant may be civilly liable for torts committed while insane, that is, liable to respond in damages; but if she is, it is by virtue of a clear and well recognized principle which applies to such case, and not to this. The case of *Douglass v. Douglass*, 31 Iowa, 421, is clearly distinguishable from this. There the cause for divorce was desertion, which commenced during the time the defendant was sane. The two cases do not conflict. For the reasons stated the judgment of the Circuit Court must be

AFFIRMED.