SACKRIDER v. SACKRIDER.

1. **Divorce:** INHUMAN TREATMENT: FACTS CONSTITUTING. Evidence which shows that a husband is subject to violent fits of anger; that at one time he threw with considerable violence against his wife a satchel filled with groceries, that at another time he raised a hammer over her head and threatened to strike her; and that at another time he searched the house for a revolver and threatened to shoot her; is sufficient to make out a case of inhuman treatment entitling the wife to a divorce, even though it appears that he never inflicted any great physical injury upon her. BECK, J., from his views of the evidence, *dissenting*.

*Appeal from Clinton Circuit Court.*

MONDAY, JANUARY 15.

ACTION for divorce on the ground of inhuman treatment. The defendant denied the allegations of inhuman treatment. There was a decree for the plaintiff. The defendant appeals.

*D. A. Fletcher*, for appellant.

*G. L. Johnson*, for appellee.

ADAMS, J.—The evidence does not show that the defendant ever inflicted any great physical injury upon the plaintiff. He appears to have been subject to violent fits of anger. At one time it appears that he threw a satchel filled with groceries against the plaintiff. According to the testimony of one witness, this was done with considerable violence, such as to cause her to stagger across the room. We are satisfied also that at another time he raised a hammer over the plaintiff, and threatened to strike her, and at another time he searched through

the house for a revolver, and threatened to shoot her. Such facts were testified to by the plaintiff and two other witnesses, a daughter and her husband. And while the defendant testifies to the contrary, and insists upon various facts and circumstances as tending to impair the credibility of the plaintiff and her witnesses, we have to say that we do not think that their testimony is overcome.

The theory of the defense is that the plaintiff desires a divorce, not on account of inhuman treatment, as alleged, but because the defendant had become subject to a great physical infirmity, and plaintiff had become desirous of marrying another man. It is undisputed that defendant had become subject to fits, and one witness testifies that the plaintiff told her that she would not have children by a man that had fits, that she was going to procure a divorce from her husband because he had fits, and marry another man whom she had picked out. The plaintiff does not deny that she told the witness that she was going to procure a divorce, and does not deny that she told her that she would not have children by a man who had fits, but denies that she told her that she was going to procure a divorce because her husband had fits, and denies that she said she was going to marry another man.

It is not very important to determine what statements the plaintiff made to the witness. While she was not entitled to a divorce on the ground that her husband had fits, and while, if she made the statements alleged, it might tend in some slight degree to lead to the inference that she had no good ground, yet the effect of such statements, if proven, would be only to call for a more careful examination of the evidence upon which she relies; and, if the allegations of her petition are proven, she is entitled to a divorce. Having reached the conclusion, after a careful examination, that the facts alleged as constituting the inhuman treatment are proven, we have only to inquire whether the facts are such as the statute contemplates as sufficient to constitute a ground of divorce. The defendant contends that they are not. He contends that life

cannot be considered as endangered within the meaning of the statute where no physical injury, as in this case, is shown to have been sustained. But in our opinion the construction which he would put upon the statute is too narrow.

Suppose the defendant at the time he is shown to have searched for a revolver, had found one and discharged it at the plaintiff without hitting her. His conduct would have been such as to endanger the plaintiff's life, and that, too, without causing any physical injury. The case at bar is not as strong as that supposed, and yet, we think, it cannot be denied that, where a man has searched for a revolver with the intention of killing his wife, her life has been in danger, and that her husband has exhibited such a criminal disposition that her life will continue to be in danger if she continues to live with him. If such is the fact, she is entitled to a divorce. *Beebe v. Beebe*, 10 Iowa, 133. In our opinion the decree of the District Court must be sustained.

AFFIRMED.

BECK, J., *dissenting.*—I reach the conclusion that defendant, since he married with plaintiff, has become from disease almost demented. His natural and physical condition is shown by the record before us. Plaintiff married him "for better or for worse," and in his affliction and disease seeks to cast him off. The law will not aid her in the heartless attempt, and this court ought not to relieve her from her marriage obligation. See *Wertz v. Wertz*, 43 Iowa, 534.