FRIEND, Appellant, vs. FRIEND, Respondent.

*February 9 — February 23, 1886.*

DIVORCE. *(1) Temporary alimony, etc., pending appeal, when granted.*
   *(2) Non-support: Abandonment of husband by wife.*

1. The granting of temporary alimony and suit money to enable a wife
   to prosecute her appeal is not a matter of course in this court, and
   when application is made the court will look into the record so far
   as to determine whether the appeal is obviously without merit, and
   if it is the motion will be denied.

2. If, without legal justification or excuse, a wife abandons the home
   of her husband, she forfeits the right to support from him, and
   cannot, therefore, maintain an action for divorce on the ground of
   non-support during the period of such abandonment.

APPEAL from the Circuit Court for *Eau Claire* County.
The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Alexander Meg-gett*, and oral argument by *E. W. Keyes.* They cited *Downer v. Howard*, 44 Wis. 92; *Varney v. Varney*, 52 id. 129; *S. C.* 58 id. 19.

*L. M. Vilas*, for the respondent, argued, among other things, that a meritorious cause of action must appear to exist before an order granting allowances of this kind can properly be made. *Phillips v. Phillips*, 27 Wis. 252; *Krause v. Krause*, 23 id. 354; *Weishaupt v. Weishaupt*, 27 id. 621; *Wood v. Wood*, 2 Paige, 454; *Rose v. Rose*, 11 id. 166; *Worden v. Worden*, 3 Edw. Ch. 387; *Kennedy v. Kennedy*, 73 N. Y. 369; *Varney v. Varney*, 54 Wis. 422. While a deserter from her husband the appellant had no right to support from him. *Gleason v. Gleason*, 4 Wis. 64; *Sturtevant v. Starin*, 19 id. 268. The grounds upon which a wife may reasonably leave her husband must be such as are adequate cause for divorce. 1 Bishop on Mar. & Div. (6th ed.), secs. 798, 799; *Baldwin v. Foster*, 138 Mass. 449.

COLE, C. J. This is an application for suit money and temporary alimony for the support of the appellant and her child pending an appeal in this court. The appeal is from an order of the circuit court which vacates and sets aside an order of a court commissioner granting alimony and suit money *pendente lite*. The application in this court is made upon the record constituting the return in the appeal cause, and upon affidavits annexed to the motion.

It is not the practice of this court to grant such allowances as a matter of course. The rule upon which the court acts is well stated by Chief Justice DIXON in *Krause v. Krause*, 23 Wis. 354, substantially, as follows: The granting of temporary alimony and suit money, to enable a wife to prosecute her appeal, is not a matter of course in this court; and when application is made we think we must look into the record so far as to determine whether the appeal is obviously without merits; and if it is then the motion will be denied. Injury and a meritorious cause of action must appear. This rule was recognized, and in effect acted upon, in *Phillips v. Phillips*, 27 Wis. 252; *Weishaupt v. Weishaupt*, 27 Wis. 625; *Freeman v. Freeman*, 31 Wis. 235; and *Varney v. Varney*, 54 Wis. 422.

It becomes our duty, then, in deciding this motion, to examine the record on the appeal, and to ascertain whether a meritorious cause of action exists. It is true, this is the question which is necessarily involved in the appeal itself; but it would be manifestly improper to grant any allowance if, on looking into the return, no good cause of action is stated. It appears from the record that the appellant now asks for a divorce from the bond of matrimony on the ground that her husband, being of sufficient ability, refuses or neglects to provide for her support and the support of their child. It further appears that she voluntarily abandoned him in the summer of 1883, and refuses to live with him. In March, 1884, she commenced a suit for divorce,

charging that, on account of his cruel and inhuman treatment, without her fault, she was compelled, in July, 1883, to leave his bed and board, and has not since lived with him. The defendant put in an answer to that complaint denying all its material allegations. The cause was brought to a hearing on its merits, and in January, 1885, the circuit court gave judgment dismissing the complaint. About five months after this, action was commenced, wherein the wife seeks for a divorce on the ground that her husband refuses or neglects to provide for her support. The fact is conclusively established by the adjudication just referred to that the appellant had no adequate cause for deserting her husband on the ground of cruelty. Her desertion of his bed and board was wilful, not rendered necessary for her safety, and must be deemed to be without legal excuse or justification. It is clearly the duty of the husband to support his wife, to provide her a home and the comforts of life, to the extent of his ability. It is equally her duty to live with her husband, and observe all her marriage vows; but if, without legal justification or excuse, she abandons his home, and seeks one elsewhere, she forfeits her rights to his support.

Now, it does not appear from the second complaint that the appellant has ever offered to return to her husband's home and discharge her duties as a wife. We infer she takes the ground that he is under obligation to support her while she persists in living apart from him. It seems to us she sadly misconceives her duty and his obligation. When she returns to his home, or offers to return and discharge her conjugal duties, she will be in a position to invoke the law to compel him to perform his duties if he refuses to do so. In *Varney v. Varney*, 58 Wis. 19, after the first action for divorce was ended, the wife offered to return to her husband's home. The husband refused to permit her to do so. Hence the language of Mr. Justice Cassoday that her failure to prove want of support prior to the first action did not

prevent her from maintaining a second action for divorce on the ground of his subsequent failure to support. "Such subsequent failure was entirely independent of such prior failure, and hence of the cause of action alleged in the first complaint."

It follows from these views that the motion for suit money and temporary alimony pending the appeal in this court must be denied.

*By the Court.*— Motion denied.

The appeal was dismissed, by stipulation, March 16, 1886.