## DOOLITTLE V. DOOLITTLE.

1. **Divorce :** INHUMAN TREATMENT : FACTS CONSTITUTING. Although no single act of a husband is sufficient to endanger the life of his wife, yet if his treatment of her, considered as a whole, is of a nature to affect her mind, undermine her health, and thereby endanger her life, it is sufficient to entitle her to a divorce. (See opinion for authorities.) Accordingly, in an action by a wife for a divorce, where it was shown that defendant habitually abused her with profane and obscene language, and applied to her opprobrious epithets, and on several occasions treated her with physical violence ; that once, in the presence of their children, he accused her of infidelity ; that he denied her many of the necessaries of life, failed to provide her with proper clothing, and directed merchants to refuse her goods; that he refused to pay her physicians for necessary services; that he misused the children in her presence; and that he was rude to her in sickness, aggravating and irritating her;—*held* that she was entitled to a divorce.

2. ————: ALIMONY: AMOUNT. Upon granting a divorce to a wife who was nearly helpless, requiring the constant attendance of an assistant, and not likely to recover her health, and whose property was worth less than two thousand dollars,—her husband being worth at least fourteen thousand dollars,—*held* that a judgment for thirty-five hundred dollars permanent alimony was not excessive.

3. ————: DESERTION : WHAT IS NOT. For a wife to leave her husband on account of inhuman treatment, such as entitles her to a divorce, is not such desertion as will entitle the husband to a divorce.

4. **Appeal :** PAPERS SERVED TOO LATE : STRIKING FROM FILES. An additional abstract and argument filed by appellee will not be stricken from the files simply because they were not served on appellant within the time prescribed by the rules of this court, when the submission of the cause is not retarded by the delay. (Compare *Thomas v. McDaneld*, 77 Iowa, 126.)

5. **Divorce :** ATTORNEY FEES TO WIFE ON APPEAL. Where a wife has procured a decree of divorce, and the husband appeals to this court, and the decree is affirmed, she is entitled in this court to an order for a reasonable sum with which to pay her attorney for conducting the appeal on her part. (See *Clyde v. Peavy*, 74 Iowa, 48; *Preston v. Johnson*, 65 Iowa, 285.)

*Appeal from Howard District Court.*—HON. L. O. HATCH, Judge.

FILED, OCTOBER 28, 1889.

ACTION by plaintiff for divorce and alimony. Defendant denies the grounds for a divorce alleged by plaintiff, and by cross-petition demands a divorce from plaintiff, and asks that the title to a forty-acre tract of land be quieted in him. After a hearing on the merits, the district court rendered a decree in favor of plaintiff, divorcing her from defendant, confirming her title to all personal and real estate to which she holds the legal title including the tract of land claimed by defendant, and requiring him to pay to her the sum of thirty-five hundred dollars as permanent alimony. The defendant appeals.

*W. K. Barker*, for appellant.

*H. T. Reed*, for appellee.

ROBINSON, J.—Plaintiff was married to defendant on the third day of February, 1857, and lived with him as his wife until the spring of 1886, when she left him. At the time of their marriage, defendant owned a farm of one hundred and sixty acres in Howard county, a small amount of personal property, and some money. Plaintiff also had about one hundred and twenty-five dollars in money. They at once moved onto the farm, and continued to reside thereon most of the time, and to make it their home, until plaintiff left defendant as aforesaid. Both were economical and industrious, and they succeeded in accumulating considerable property, the title to the most of which was taken in the name of the husband. Six children were born to them, all of whom have reached their majority. A few years after their marriage, the defendant caused to be conveyed to plaintiff forty acres of his farm, to-wit, the northeast quarter of the southwest quarter of section 29, township 99,

range 11, which is the tract now in dispute. Defendant claims that the conveyance was made as a precautionary measure to insure a living in case he should become financially embarrassed. In May, 1885, plaintiff was stricken with paralysis, and for a considerable time was confined to her bed, and is still suffering from that cause. Plaintiff seeks a divorce from defendant on the ground of inhuman' treatment, and demands alimony. Defendant asks a divorce from plaintiff on the ground of desertion, and that his title to the tract of land herein described be quieted.

I. The parties to this action appear to have lived together in harmony for a few years after their marriage, but, as time passed, troubles arose between them, and, for fifteen years before their separation, quarrels were frequent, and they lived in a state of discord a large portion of the time. The children became involved, and were sometimes the occasion of the difficulties of the parents. The eldest, a son, appears to have taken the part of the father, while the others, one son and four daughters, espoused the cause of the mother. Plaintiff was not at all times without fault, but her conduct did not authorize or excuse that of defendant. He abused her frequently, and we think habitually, addressing her with profane and obscene language, applying to her opprobrious epithets, and on several occasions treating her with physical violence. On one occasion, in the presence of several of their children, he falsely accused her of improper relations with a farm hand. He denied her many of the necessaries of life, failed to provide her with proper clothing, and directed merchants to refuse her goods. He refused to pay the physician for the services he rendered to plaintiff during her sickness of 1885, until after this action was commenced. He misused the children in her presence. He was indifferent to her in her sickness, invited farm hands to sit in the room which she was occupying, with aggravating language and irritating manner. At length his conduct became unendurable, and plaintiff left him. In this we

1. DIVORCE: inhuman treatment: facts constituting.

think she was justified. It is true that no single act of defendant was sufficient to endanger her life, and many of them together might not have had that effect; but there is an intimate relation between the conditions of the mind and body, and the life of the body may be threatened, and even destroyed, through influences brought to bear upon the mind. A long-continued course of ill-treatment, even without physical violence, may be made as effectual, in many cases, to destroy life as any deadly weapon would be. If the treatment of plaintiff by defendant, considered as an entirety, is of a nature to affect her mind, undermine her health, and thereby endanger her life, it is sufficient to entitle her to the relief she demands. See *Sackrider v. Sackrider*, 60 Iowa, 397; *Cole v. Cole*, 23 Iowa, 435; *Caruthers v. Caruthers*, 13 Iowa, 266; *Beebe v. Beebe*, 10 Iowa, 133; *Wheeler v. Wheeler*, 53 Iowa, 511; *Harnett v. Harnett*, 55 Iowa, 45. The condition of plaintiff improved somewhat after she was stricken in May, 1885, and before she left defendant, the next spring; and it is therefore urged that her partial recovery is evidence that the treatment of defendant did not endanger her life. The evidence satisfies us that her health is much broken, and that, while she has partially recovered from the first attack of paralysis, yet her physical condition is such that she could not endure the treatment to which she has been subjected by defendant for many years, and which we are satisfied she would again have to suffer if she returned to him. We are of the opinion that plaintiff has fully shown a sufficient ground for divorce.

II. Appellant contends that the amount allowed plaintiff as alimony is excessive. He claims that his property is worth, in the aggregate, less than ten thousand dollars, and that plaintiff has a large amount of property in her own right. In his first answer, defendant fixed the value of his property at fourteen thousand, three hundred dollars. Making due allowance for depreciation in values, and

2. ——: alimony: amount.

Doolittle v. Doolittle.

expenses of litigation, including amounts paid to plaintiff as temporary alimony, we are satisfied that his property is worth not less than fourteen thousand dollars. The property of plaintiff is worth less than two thousand dollars. She is nearly helpless, requiring the constant attendance of an assistant, and is not likely to recover her health. Her current expenses are necessarily somewhat burdensome, and will probably continue to be so. The decree of the district court was rendered on the thirty-first day of July, 1888, and provided for the payment of two hundred and fifty dollars in thirty days, two hundred and fifty dollars in six months, five hundred dollars in one year, one thousand dollars in two years, and fifteen hundred dollars in three years, with interest at six per cent. per annum payable annually. We do not think the amount allowed, in view of all the circumstances of the case, was in any sense excessive.

III. The act of plaintiff in leaving defendant, having been for cause, was not desertion, within the meaning of the law. The preponderance of the evidence shows that the transfer of the forty-acre tract of land in controversy was absolute, without condition, and that defendant is not entitled thereto. Having failed to show himself entitled to relief, it was properly denied him by the district court.

3. ——: desertion: what is not.

IV. Appellant filed a motion in this court to strike from its files the additional abstract and argument filed by appellee, and to tax the costs of printing the same to her, on the ground that they were not served on appellant within the time required by the rules of this court. The facts of this case bring it within the rule announced in *Thomas v. McDaneld*, 77 Iowa, 126, and, following that rule, the motions will be overruled.

4. APPEAL: papers served too late: striking from files.

V. Appellee asks the allowance by this court of a reasonable sum for an attorney's fee for the prosecution, on her part, of this appeal. We think she is entitled to such an allowance. *Clyde v. Peavy*, 74 Iowa, 48; *Preston v. Johnson*, 65

5. DIVORCE: attorney fees to wife on appeal.

Iowa, 285. The record of the case is voluminous, the transcript containing nearly one thousand pages, the most of which was prepared with a type-writer, and the several abstracts containing over two hundred pages. No intricate questions of law were involved, but a large amount of work was necessarily required of plaintiff's attorney to prepare the case for submission in this court. One hundred dollars was allowed plaintiff at the last January term of this court for the purpose of aiding to prepare the cause on her part for submission. We now make a further allowance of one hundred dollars. In addition, all costs of the appeal, including printing, will be taxed to appellant. AFFIRMED.

GRANGER, J., took no part in the decision of this cause.