(11 Misc. Rep. 592.).

### HALSTED v. HALSTED.

(Common Pleas of New York City and County, Special Term.   March, 1895.)

DIVORCE—COUNSEL FEES PENDING APPEAL.
  Counsel fees may be granted to the wife pending her appeal in an action against her for divorce, where it appears that the appeal is taken in good faith, and for a reasonable cause.

Action by Charles S. Halsted against Sarah Halsted for divorce. Defendant moves to compel plaintiff to pay counsel fees to enable her to prosecute her appeal from the judgment against her.
  For former reports, see 26 N. Y. Supp. 758, and 27 N. Y. Supp. 408.

Henry D. Hotchkiss, for defendant.
George W. Carr, for plaintiff.

GIEGERICH, J.   This is a motion by the defendant to compel the plaintiff to pay counsel fees to enable her to prosecute her appeal from a judgment of divorce granted and entered against her on the report of a referee, together with the expenses of such appeal, and the referee's fees for settling the proposed case.
  It is the settled law of this state that the power of the court to grant alimony and counsel fees in matrimonial actions, during their pendency, is not limited to applications made before the entry of the final judgment, but may be exercised during the pendency of an appeal, and until the final determination of the action, and that although judgment finally, for the purposes of an appeal, is entered,

the action is still pending; in other words, an action, within the purview of section 1769 of the Code, is pending as long as the appeal is undetermined. McBride v. McBride, 119 N. Y. 519, 23 N. E. 1065. See McCarthy v. McCarthy, 137 N. Y. 500–503, 33 N. E. 550. The granting of counsel fees and alimony pending an appeal is sanctioned by adjudications in other jurisdictions. Chaffee v. Chaffee, 14 Mich. 463; Zeigenfuss v. Zeigenfuss, 21 Mich. 414; Holthoefer v. Holthoefer, 47 Mich. 643, 11 N. W. 150; Krause v. Krause, 23 Wis. 353; Friend v. Friend, 65 Wis. 412, 27 N. W. 34; Clarkson v. Clarkson, 20 Mo. App. 94; Doolittle v. Doolittle, 78 Iowa, 691, 43 N. W. 616; Bohnert v. Bohnert, 91 Cal. 428, 27 Pac. 732; Van Voorhis v. Van Voorhis (Mich.) 51 N. W. 281; Disborough v. Disborough, 51 N. J. Eq. 306, 28 Atl. 3. See, also, cases cited under note to Methvin v. Methvin, 60 Am. Dec. p. 674; Bish. Mar. & Div. § 957. But the allowance of alimony or counsel fees to the wife pending an appeal is not a matter of right. In Krause v. Krause, supra, the court said it "must always look into the record so far as to determine whether the appeal is obviously without merits." And this rule was recognized in the case of Friend v. Friend, supra, in which the wife brought an action for divorce on the ground of nonsupport. The complaint was dismissed, and she appealed from the judgment of dismissal, and, pending such appeal, applied for alimony and counsel fee. In Zeigenfuss v. Zeigenfuss, supra, and Holthoefer v. Holthoefer, supra, the court held there should be a certificate that the appeal is in good faith, or a showing by counsel to that effect. In Bohnert v. Bohnert, supra, the court ordered the husband to pay for the expenses of the wife's appeal from a judgment of divorce against her, on her showing that she wished, in good faith, to appeal. In Van Voorhis v. Van Voorhis, supra, the husband was ordered to pay the costs of perfecting the wife's appeal from a decree dissolving the marriage, on the certificate of a member of the bar, in good standing, that her appeal was meritorious. In Disborough v. Disborough, supra, the wife was allowed alimony and counsel fees pending an appeal taken by her in apparent good faith from a decree dismissing her bill for a divorce.

From a consideration of these cases, the rule seems to me to be established that alimony and counsel fees may well be granted to the wife pending her appeal in a matrimonial action, should it appear that the appeal is in good faith, and for a reasonable cause. A careful consideration of the papers submitted upon this application convinces me that the defendant's appeal is not a frivolous one, and that the same has been taken in good faith, and for reasonable cause. The trial of this cause before the referee extended over a period of 15 months. The record of the case is very voluminous, covering 2,939 typewritten pages of testimony. Numerous exceptions were taken to the rulings of the referee. The interests at stake are not only of great moment to the parties concerned, but to the public, in whose interest, beside that of the parties, the court's action is to be directed in suits for divorce. Fanning v. Fanning (Com. Pl. N. Y.) 20 N. Y. Supp. 849. In view of these cir-

cumstances, and of the fact that the plaintiff has abundant means and that the defendant has none, I think the plaintiff should furnish the defendant with the necessary means to prosecute her appeal. Therefore, the plaintiff should be required, within 30 days after entry of the order, to pay a counsel fee of $500, to enable the defendant to carry on her appeal, and deposit with the clerk of this court $2,000, to meet the necessary expenses for typewriting, printing (Chaffee v. Chaffee, supra; Doolittle v. Doolittle, supra), and referee's fees for settling case on appeal, who shall apply the same according to the directions of the court, made from time to time in the matter. The balance, if any, shall be repaid by the clerk to the plaintiff. Order to be settled on two days' notice.