Argued November 5; decided December 21, 1896.

## RYAN v. RYAN.

(47 Pac. 101.)

DIVORCE—CRUELTY—EVIDENCE.—A divorce for cruel and inhuman treatment, and personal indignities rendering life burdensome, should be granted on evidence that defendant was frequently intoxicated, and was quarrelsome and violent; that at one time he kicked out a door panel; that at another, while violently cursing his wife, he shot off a pistol several times; and that he was in the habit, without provocation, of using vile and offensive language in her presence.*

From Multnomah:  E. D. SHATTUCK, Judge.

Suit by Elizabeth Ryan against A. G. Ryan for divorce, which was granted, and the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Gearin, Silvestone, Murphy & Brodie,* and *Dolph, Mallory & Simon,* with an oral argument by *Messrs. John M. Gearin* and *Daniel R. Murphy.*

*With the case of *Doolittle* v. *Doolittle,* 6 L. R. A. 187, is a note citing and classifying many cases on the subject of Cruelty as a Ground for Divorce.—REPORTER.

For respondent there was a brief and an oral argument by *Messrs. Julius C. Moreland* and *Richard W. Montague.*

PER CURIAM.   This is a suit for divorce, based upon two grounds, viz., habitual gross drunkenness contracted since marriage, and cruelty and personal indignities rendering life burdensome.   The court below found in favor of plaintiff upon both.   We have examined the testimony with much care and attention, and have come to the conclusion the divorce should be granted, While it is thought the charge of habitual gross drunkenness has not been sustained, yet there can be no question but that the defendant has been beastly intoxicated at frequent intervals during late years, perhaps not elsewhere than at his home, and while in that condition was wantonly abusive of plaintiff, treated her harshly and cruelly, and in utter disregard of conjugal fellowship.   But it is claimed that the acts charged and proven do not constitute cruel and inhuman treatment, or "personal indignities rendering life burdensome," within the meaning of the statute.   Personal violence against plaintiff may not have been directly threatened or imminent, yet she was not without reason for apprehending it.   It was shown that the defendant, while intoxicated, was quarrelsome and at times violent, and acted without reason and in utter disregard of consequences. At one time, he kicked out the door panel; at another, while violently cursing her, shot off his pistol a number of times; and at another he followed her around while she was doing her housework, clapping his fist in his hand and swearing that she did not have a relation that could stand up against him.   During these and other times, without cause or provocation, he called her "a whore," and applied to her other offensive and opproprious epithets, and used towards her language so vile and indecent that we refrain from repeating it here.   She says his demeanor rendered her nervous and sick, and that she could not live with

him longer.  We think that such treatment as is delineated in the evidence, considered in its entirety, is quite sufficient to make the plaintiff apprehensive of her personal safety, and is of a nature calculated to affect her mind, undermine her health, and thereby endanger her life, and hence is sufficient upon which to found a divorce: *Doolittle* v. *Doolittle*, 78 Iowa, 792 (43 N. W. 616, 6 L. R. A. 187); and *Day* v. *Day*, 84 Iowa, 221 (50 N. W. 979). There was no condonation, and the decree of the court below is therefore affirmed.

AFFIRMED.