WILLIAM R. HALL *v.* ELLEN C. HALL.

1. DIVORCE. *Alimony. Lawyer's fee in supreme court.*

On appeal by a husband from a decree in a suit for divorce, directing him to pay alimony *pendente lite* and counsel fees to the wife, the supreme court will, on proper application, award the wife a reasonable solicitor's fee for resisting the appeal.

2. SAME.   *Supreme court practice.*

   Where the supreme court allows the wife a solicitor's fee for resisting an appeal in a divorce case, in default of its payment, within the time allowed therefor, the appeal will be dismissed.

FROM the chancery court, first district, of Chickasaw county. HON. HENRY L. MULDROW, Chancellor.

### ON MOTION.

William R. Hall, the appellant, was the complainant in the court below; Ellen C. Hall, the appellee, was defendant there. When the case reached the supreme court the appellee moved the court for the allowance to her of a reasonable solicitor's fee, to be paid by appellant, for resisting the appeal.   The opinion of the court states the facts touching the decision made on the motion.

*Stovall & Williams,* appellee's counsel, for the motion.

As to the right of the wife in a divorce suit to temporary alimony generally, whether she be complainant or defendant, we cite the following authorities: 1 Bishop's Mar. & Div., sec. 1069; *Porter* v. *Porter,* 41 Miss., 116; *Verner* v. *Verner,* 62 Miss., 260; *Dewees* v. *Dewees,* 55 Miss., 315; *McFarland* v. *McFarland,* 64 Miss., 449.

An appellate court has jurisdiction, and should grant the motion.   *Vandanger* v. *Vandanger,* 70 Iowa, 614; *Krause* v. *Krause,* 23 Wis., 354; *Wagner* v. *Wagner,* 36 Minn.; *Chaffe* v. *Chaffe,* 14 Mich., 463; *Van Voorhis* v. *Van Voorhis,* 90 Mich., 276; *Day* v. *Day,* 84 Iowa, 221; *Ziegenfuss* v. *Ziegenfuss,* 21 Mich., 414; *Lake* v. *Lake,* 16 Nev., 363; *Weishaupt* v. *Weishaupt,* 27 Wis., 621; *Disbrough* v. *Disbrough,* 51 N. J. Eq., 306; *Goldsmith* v. *Goldsmith,* 6 Mich., 285; *Lake* v. *Lake,* 17 Nev., 230; *Prine* v. *Prine,* 34 L. R. A., 87.

*W. R. Hall, pro se, contra.*

The question is *res nova* with us.   The decisions elsewhere are irreconcilable.   The weight of authority, however, is against

the contention of appellee. To grant the motion is to exercise original jurisdiction, while this court only has appellate jurisdiction. 2 Bishop's Mar. & Div., secs. 957-9; *Ib.*, sec. 1087; 2 Nelson's Div. and Sepa., sec. 862; *Ib.*, sec. 809; 2 Enc. Pl. & Pract., 449.

Argued orally by *William R. Hall, pro se.*

CALHOON, J., delivered the opinion of the court.

Complainant below, W. R. Hall, the appellant here, filed his bill for divorce against Mrs. Hall, the appellee, on the ground of desertion. She answered, denying the allegation of his bill, and made her answer a cross bill praying for alimony and allowance to her for counsel fees in the litigation. Testimony was taken, after which the court below allowed her alimony to the amount of $15 per month and also counsel fees, up to that stage of the litigation, of $75, and then, on her application, continued the cause. From this interlocutory decree Mr. Hall appealed.

In this court Mrs. Hall petitions the allowance of counsel fees for her defense here, supported by affidavits showing her inability to employ solicitors and his ability to do so, and as to what is the proper amount, and Mr. Hall files his motion to strike her motion and affidavit from the files.

This motion of Mr. Hall to strike appellee's motion from the files we disregard as not in accord with proper practice. If this practice could be recognized, Mrs. Hall might move to strike his out, and he hers, and so on *ad eternitatem.*

We therefore come at once to the consideration of her motion for attorney's fee, and the sole question is whether or not this court, as an appellate tribunal, has the jurisdiction to make such allowance.

There is some conflict of authority as to the power of revisory courts, appellate and supreme, to make such orders. But the weight in reason and numbers is in favor of the power. 2 Nelson on Div. and Sep., sec. 863, and cases cited.

We adopt the reasoning that the power is incidental to, and inherent in, a court with jurisdiction to review cases for divorce. The wife should have counsel, and it is of the first importance that she should have them to aid the court in reaching a correct conclusion. The husband has an immense advantage if the wife be without counsel. The power must lodge in this court as a necessity to the intelligent exercise of its revisory jurisdiction. We adopt the reasoning in the cases of *Prine* v. *Prine,* 36 Fla., 676, and *Lake* v. *Lake,* 17 Nev., 230.

Mrs. Hall's motion is sustained, but not to the amount she asks. We award her fifty dollars suit money for this court, to be paid to her or her order, or placed with the clerk of this court subject to her order, within thirty days from the date of this decree, in default of which payment, Mr. Hall's appeal shall stand dismissed.