## DUXSTAD v. DUXSTAD.

DIVORCE — ALIMONY AND SUIT MONEY PENDING PROCEEDINGS IN
ERROR—JURISDICTION OF APPELLATE COURT.

1. In a proceeding in error to review a judgment denying a
   divorce to a wife in her suit therefor, the supreme court,
   in the exercise of its appellate jurisdiction, ·may require
   the husband, defendant in error, to pay a reasonable amount
   to enable the wife to prosecute her appeal and for the
   support of herself and child during the pendency thereof.
2. Such relief in an appellate court is not a matter of course,
   but can be granted only upon a showing of the necessities
   of the wife, the financial ability of the husband, and that
   the appeal is taken in good faith.

[Decided March 21, 1908.]          (94 Pac., 463.)

ERROR to District Court, Laramie County, HON. RODERICK
N. MATSON, Judge.

Action for divorce brought by Anna Duxstad against
Louis Duxstad. Heard on application of plaintiff in error
for an allowance to enable her to further prosecute the
proceeding in error, and for the support of herself and
child during the pendency thereof.

*M. A. Kline,* for plaintiff in error. (*Sullivan & Squires*
upon the brief.)

Within the meaning of the statute (R. S. 1899, Sec. 2995)
authorizing an allowance in favor of the wife in a divorce
case for expenses and support during the pendency of the
action, the action is to be deemed pending until its final
determination on appeal or error, or until the time for
prosecuting appeal or error shall expire. (Brasch v. Brasch,
50 Neb., 73; McBride v. McBride (N. Y.), 23 N. E., 1065;
Bohnert v. Bohnert, 91 Cal., 431; 7 Curr. L., 106; 2 Bish.
M. & D., 393.)

The weight of authority is in favor of the right of the
appellate court to make the allowance upon an appeal or

proceeding in error.    (14 Cyc., 745;  Prine v. Prine, 36 Fla., 676;  Hall v. Hall, 77 Miss., 741;  Disborough v. Disborough, 51 N. J. Eq., 306;  Pleyte v. Pleyte, 15 Colo., 125; Goldsmith v. Goldsmith, 6 Mich., 286;  Pollock v. Pollock, 7 S. D., 332;  Wagner v. Wagner, 36 Minn., 239;  Clarkson v. Clarkson, 20 Mo. App., 94;  Weishaupt v. Weishaupt, 27 Wis., 625;  Chaffee v. Chaffee, 14 Mich., 464;  Van Duzer v. Van Duzer, 70 Ia., 621;  Willits v. Willits (Neb.), 107 N. W., 379;  Van Vorhis v. Van Vorhis, 90 Mich., 276;  Pauly v. Pauly, 69 Wis., 425;  Day v. Day, 84 Ia., 227; Lake v. Lake, 16 Nev., 363;  Lake v. Lake, 17 Nev., 230; 2 Nelson Div. and Sep., 821.)

The following cases also recognize the right of the wife to suit money pending an appeal, but it seems to have been the practice in those jurisdictions to make the application to the trial court:  Holleman v. Holleman, 69 Ga., 676;  Bohnert v. Bohnert (Cal.), 27 Pac., 732;  McNeil v. McNeil, 19 Pa. Co. Ct., 94;  Larkin v. Larkin (Cal.), 12 Pac., 226; Rohrback v. Rohrback, 75 Md., 317;  Earle v. Earle, 75 Ill. App., 352;  Haddock v. Haddock, 75 App. Div., 565.

It is held, however, that such relief in an appellate court is not a matter of course, but can be granted only upon proof made in such court, showing the necessities of the wife and also the financial ability of the husband, and a further showing that the appeal is taken in good faith. (Prine v. Prine, *supra;*  Wagner v. Wagner, *supra;*  Zeigenfuss v. Zeigenfuss, 21 Mich., 415.)

There can be no dispute in regard to the necessities of plaintiff in error.   That is proven beyond any doubt by the affidavits filed herein, and by the testimony adduced on the trial of the cause in the lower court.   It having been shown that the defendant in error is able to pay the costs and that the plaintiff in error is unable to do so, and that unless the motion be granted she will be unable to properly present her side of the question, and it having been shown further that this appeal is taken in good faith, and that the majority of the courts of last resort to whom a similar

motion has been presented have held that they have authority to grant a similar motion upon a proper showing, the question arises whether there are any provisions in the constitution of this state different from the provisions in the constitutions of those states in which the appellate courts have exercised such jurisdiction, that will preclude this court from making the order asked for. It will be noticed that the constitution of this state confers a broader authority upon this court in this connection than the constitutions of the other states. The case of Lake v. Lake, 17 Nev., 230 (30 Pac., 881), contains a full and conclusive discussion of the question, and upon the reasoning of that case this court clearly has jurisdiction in the premises.

*Clark, Riner & Clark,* for defendant in error.

Upon this motion the court is asked substantially to sit as a *nisi prius* tribunal. The functions of this court are appellate in character, except in certain specified cases. (Const., Art. V, Secs. 2, 3.) No power is vested to hear evidence and make an order such as here asked for, and the weight of authority is to that effect under similar constitutional provisions. The power to grant alimony and suit money rests alone with the trial court where the suit is brought. (R. S. 1899, Sec. 2995.) The following cases, based upon constitutional provisions as broad as those in this state, deny the jurisdiction of the appellate court to entertain such a motion. (Reilly v. Reilly, 60 Cal., 624; Hunter v. Hunter, 100 Ill., 477; Kesler v. Kesler, 39 Ind., 153; State ex rel. v. Court, 88 Mo., 135; Muir v. Muir (Ky.), 87 S. W., 1070.)

It is to be observed that the matter of the allowance now sought has not been presented to the trial court. The jurisdiction here asserted is original, therefore, and not appellate. The cases holding that the appellate court has jurisdiction were controlled by constitutional provisions so different that, with two exceptions, they are not in point here. And the reasoning in the cases that may be regarded as in point is illogical.

This court already has complete control of the case for the exercise of its appellate jurisdiction, and an allowance to the wife cannot further assist in the exercise of such jurisdiction. This question seems to have been substantially passed upon adversely to the contention of plaintiff in error in Nagle v. Robins, 9 Wyo., 211, 255, where the court declined to allow counsel fees to a guardian incurred in the appellate court in sustaining his account, on the ground that such an allowance required the exercise of original and not appellate jurisdiction. And in that case a fund was under the court's control, which is not the case here.

SCOTT, JUSTICE.

This is an action for divorce and was commenced in the district court of Laramie County by the plaintiff in error as plaintiff against the defendant in error as defendant upon the ground of cruelty. Issue was joined and the case was tried to the court, and at the conclusion of the trial the court made and rendered its judgment of dismissal on the ground that the court had no jurisdiction over the subject matter of the suit. There is one child of tender age as the issue of their marriage, which has been and is in the custody of its mother. During the pendency of the action in the lower court temporary alimony to the amount of $30 per month for the support of herself and child was allowed to her, but since the dismissal nothing has been paid, on the ground, as we understand, that the dismissal vacated the alimony order. Upon an adverse ruling on her motion for a new trial the plaintiff has brought the case to this court on error and has here filed her motion setting forth that she is without means to support herself and child pending these proceedings, and also without means to further prosecute the case, and asks that this court make a reasonable allowance for such purposes. The motion is supported by affidavits and there are also affidavits to the effect that her appeal is a meritorious one. The motion is resisted on the ground that it calls for the exercise of original and not appellate jurisdiction.

The authorities are not in harmony on this question. It may be conceded that if the granting of the motion involves original jurisdiction, then this court has no power to grant it. Our attention is called to the provisions of our constitution. Section 2, Article V, is as follows: "The supreme court shall have general appellate jurisdiction co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be provided by law." Section 3 of the same article provides: "The supreme court shall have original jurisdiction in *quo warranto* and mandamus as to all state officers, and in habeas corpus. The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, *certiorari,* and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. Each of the judges shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of a person held in actual custody, and may make such writs returnable before himself or before the supreme court, or before any district court of the state or any judge thereof."

It is urged that these provisions of the constitution inhibit this court from entertaining jurisdiction of the matter here involved and in support of such contention the following cases are presented, viz.: Reilly v. Reilly, 60 Cal., 624; Hunter v. Hunter, 100 Ill., 477; Kesler v. Kesler, 39 Ind., 153; State ex rel. Clarkson v. The St. Louis Court of Appeals, 88 Mo., 135; Muir v. Muir, 87 S. W. (Ky.), 1070.) It was sought upon argument to show that there is some distinction between the provisions of the constitutions of these states and those where a different judicial interpretatain obtains, but we find upon examination that there is practically no difference. It is said in 14 Cyc., at page 745: "The authorities differ as to the power of an appellate court to grant an order directing the payment of temporary alimony and suit money upon an appeal in a divorce action. In

some jurisdictions such power is denied, but the weight of authority is in favor of the exercise of the power."

In those jurisdictions where the power is exercised it is not put upon the ground nor is it claimed to be the exercise of original jurisdiction. The right to grant such allowance in the court below exists independent of statute. The statute is only confirmatory of the common law. Upon an original application to the appellate court for counsel fees it was said in Lake v. Lake, 16 Nev., 363, 369: "No statutory provision authorizes an allowance for counsel fees in this court. But such right has been exercised by courts of similar jurisdiction in conformity with the decisions of the ecclesiastical courts of England. (Goldsmith v. Goldsmith, 6 Mich., 285, and Phillips v. Phillips, 27 Wis., 252.) The exercise of such authority is based upon the presumption that jurisdiction in divorce cases carries with it by implication the incidental power to make such allowances. The power is indispensable to the proper exercise of jurisdiction in guarding the rights of wives."

The question is more fully discussed in Lake v. Lake, 17 Nev., 230, 237, where it is held that a grant of appellate jurisdiction necessarily implies the grant of all powers necessary to the complete exercise of such jurisdiction. The question was discussed in Prine v. Prine, 36 Fla., 676 (34 L. R. A., 87), and it was there held that an original application to an appellate court in which the suit was pending for allowance of temporary alimony, counsel fees and suit money to the wife pending the proceedings does not call for the exercise of original jurisdiction, but may be granted in aid of and as an incident to its appellate jurisdiction. In Pleyte v. Pleyte, 15 Colo., 125 (25 Pac., 25), the court say: "Defendant's counsel deny the jurisdiction of this court to grant such relief. The practice of appellate courts in respect to applications of this kind is by no means uniform. By Section 1098, Gen. St., the jurisdiction to grant alimony *pendente lite* is expressly conferred upon the district courts, but counsel fees and suit money are not

specified; nevertheless such allowances have been sustained by this court. Hence, the jurisdiction does not depend upon statute." The court in that case granted the motion, basing its right to do so on the ground that it was in aid of its appellate jurisdiction.

In Wagner v. Wagner, 36 Minn., 239, 243, the court say: "The appellant makes a motion in this court for an allowance to enable her to prosecute this appeal. We have no doubt of the power of the court, upon a proper showing, in a suit for divorce, to make an order requiring the husband to pay to the wife such sum as may be necessary to prosecute or defend an appeal in this court; but as this appeal is now decided, and the case goes back to the district court, which has ample power in the premises, we decline to consider appellant's application."

In many cases the power to make the order has not been discussed. Such power has been assumed as a matter of course without objection thereto and the relief has been granted upon a proper showing. In the following cases, in addition to those already referred to, appellate courts have acted upon similar motions granting them on a sufficient or denying them upon an insufficient showing: Van Duzer v. Van Duzer, 70 Ia., 614; Day v. Day, 84 Ia., 221; Krause v. Krause, 33 Wis., 354; Phillips v. Phillips, *supra;* Varney v. Varney, 54 Wis., 422; Friend y. Friend, 65 Wis., 412; Pauly v. Pauly, 69 Wis., 419, 425; Chaffee v. Chaffee, 14 Mich., 276; Zeigenfuss v. Zeigenfuss, 21 Mich., 414; Van Voorhis v. Van Voorhis, 90 Mich., 276; Disborough v. Disborough, 51 N. J. Eq., 306; Grant v. Grant, 5 S. Dak., 1; 57 N. W., 1130; Pollock v. Pollock, 7 S. Dak., 331; Mercer v. Mercer, 19 Colo. App., 51 (73 Pac., 662); Hart v. Hart (Colo. App.), 73 Pac., 35; Hall v. Hall, 77 Miss., 741 (27 So., 637); Willits v. Willits (Neb.), 107 N. W., 5 L. R. A. (N. S.), 767. It will be observed that such relief in an appellate court is not a matter of course, but can be granted only upon a showing of the necessities of the wife, the financial ability of the husband and that the

appeal is taken in good faith.   When allowed by appellate
courts, it is upon the theory that the allowance is necessary
and proper to enable the wife to maintain her rights on the
appeal, since being without means, she could not otherwise
do so, and thus that such an allowance is in aid of the ex-
ercise of the appellate jurisdiction.

We are of the opinion that by the great weight of au-  ·
thority this court in the exercise of its appellate jurisdiction
may consider the motion, and make such order in the prem-
ises as may be deemed advisable.   The defendant has not
been heard upon the merits of the application and before
making any order we think he should be given a reasonable
time to file such affidavits touching the matter as he may
deem advisable, and an order fixing the time within which
he may do so will be entered.

POTTER, C. J., and BEARD, J., concur.