FRANKLIN  v.  FRANKLIN.

[68 South. 74.]

DIVORCE.  *Alimony pending appeal.  Counsel fees.  Jurisdiction.*

Appellate courts have jurisdiction to order an allowance of alimony pending an appeal and counsel fees for the wife's defense. This is done to enable the wife to maintain her rights on the appeal, and is an incidental power in the court where the cause is pending.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.
Suit for divorce by Stella Franklin against Ed. Franklin, with cross-bill by defendant.  Decree granting di-

vorce to both parties and decreeing a house and lot and certain personal property to plaintiff as alimony, and taxing defendant with cost of suit, and he appeals. Plaintiff's petition for allowance of alimony pending the appeal and for counsel fees in supreme court granted.

The facts are fully stated in the opinion of the court.

*W. J. Croom,* for appellant.

When this bill was first filed, the court ordered appellant to pay alimony of five dollars per month until the case should be finally heard in the chancery court, and also a solicitor's fee for her solicitor, which he has paid, being over twelve months at five dollars per month and a solicitor's fee of twenty-five dollars to appellee's solicitors. So the court will see that this appellant has been burdened enough, and more than enough, already and the law will not put a premium of a woman living in adultery after it has been proven to be true, by making her husband support her and her criminal consort, or bedfellow, while she is engaged in this conduct, and leading this life. It would be a travesty upon the law and justice to permit same, let alone order and allow same. This court has held, in the case of *Holmes* v. *Holmes,* 474, as follows: "Proof of adultery on the part of the wife is a bar to her claim for alimony."

Solicitors for appellee are mistaken when they say in their brief on this petition that "the weight of authority is in favor of this court allowing alimony in a case of this kind on appeal," and they are very much mistaken when they say that the case of *Hall* v. *Hall,* 77 Miss. 741, and 27 So. 636, holds that this court should allow temporary alimony and solicitors' fees on appeal in a case of this kind, for that case simply said, "that a chancellor's decree, or rather the interlocutory order, allowing temporary alimony, which was appealed from, should be sustained;" and even in that case, the court only sustained the allowance of the solicitor's fee. So

that I say, that we do not question the right and the power of the allowance of the temporary alimony and solicitor's fee in the chancery court, while the case is pending there, and up to the time that the final decree is rendered, but I say that it should end there, and this is not an appeal from an order of the chancellor, or chancery court, allowing this alimony, and therefore this court has no jurisdiction to allow it. Even in the *Hall Case*, cited by opposing counsel, this court refused to allow the woman temporary alimony for support.

*Howie & Howie*, for appellee.

It seems that it is sufficient, for the granting of the relief asked, that the court below granted the appellee alimony during the pendency of the suit and also attorneys' fees for the trial in that court and then on final hearing set aside a part of the property of the defendant as alimony for appellee. It not only decided that she could not maintain herself and pay her attorneys while the suit was pending but that she was entitled to permanent alimony. This court has the authority to do this and it is the custom of the court to grant the relief asked for in this petition.

"The authorities differ as to the power of an appellate court to grant an order directing the payment of temporary alimony and suit money upon an appeal in a divorce action. . . . The weight of the authorities are in favor of an exercise of the power." 14 Cyc., page 745.

"Temporary alimony should be allowed the wife pending an appeal where it is shown that the appeal is taken in good faith and that the allowance is necessary, either by the court below or the appellate court, according to the practice of the particular jurisdiction. It has been held that in the discretion of the court temporary alimony continues until the termination of the litigation, including an appeal from the judgment rendered be-

low.'' 14 Cyc., p. 750. Our court has always followed the general rule above set out.

"We adopt the reasoning that the power is incidental to, and inherent in, a court with jurisdiction to review cases for divorce. The wife should have counsel, and it is of the first importance that she should have them, to aid the court in reaching a correct conclusion. The husband has an immense advantage if the wife be without counsel. The power must lodge in this court, as a necessity to the intelligent exercise of its revisory jurisdiction." *Hall* v. *Hall,* 77 Miss. 741, 27 So. 636. *Prine* v. *Prine,* 36 Fla. 676, 18 So. 781, 34 L. R. A. 87; *Lake* v. *Lake,* 17 Nev. 230, 30 Pac. 878.

We respectfully submit, therefore, that the appellant should be ordered to pay appellee the sum of fifty dollars for attorneys' fees and alimony for the months of January, February, and March, 1915, and each month thereafter until this cause is finally disposed of and final decree entered and that he should be required to pay the same within thirty days from this date and if he fails so to do that his appeal should be dismissed.

REED, J., delivered the opinion of the court.

This case is now before us for hearing on the petition of appellee for an allowance of alimony pending this appeal, and for counsel fees in this court. Appellee filed her bill in chancery seeking a divorce from appellant and a decree of the court setting aside to her certain property of the estate acquired and accumulated by appellant and appellee during their married life. She also prayed for alimony. Appellant filed an answer which he made cross-bill, and he also prayed for divorce. The chancellor upon motion allowed appellee alimony *pendente lite* in the sum of five dollars per month and solicitors' fee, twenty-five dollars. Upon final hearing the chancellor granted a divorce to both parties and decreed appellee as alimony a house and lot occupied by

the parties as a home and certain personal property. Appellant was taxed with the costs of the suit. From the final decree, he appealed to this court.

It is generally held that appellate courts have jurisdiction to order an allowance of alimony pending an appeal and counsel fees for the wife's defense. This is done to enable the wife to maintain her rights on the appeal and is an incidental power in the court where the cause is pending. 1 R. C. L., sec. 21, p. 882; *Lane* v. *Lane,* 26 App. D. C. 235, 6 Ann. Cas. 683; *Mosher* v. *Mosher,* 16 N. D. 269, 113 N. W. 99, 12 L. R. A. (N S.) 820, 125 Am. St. Rep. 654; *Hall* v. *Hall,* 77 Miss. 741, 27 So. 636; *Duxstad* v. *Duxstad,* 16 Wyo. 396, 94 Pac. 463, 15 Ann. Cas. 228.

The petition is granted, and appellee is allowed alimony pending the appeal in the sum of five dollars a month and also twenty-five dollars counsel fee.

*Affirmed.*