HOPPER *v.* HOPPER.

(Division B.   Oct. 10, 1938.)

[183 So. 504.   No. 33345.]

**H. W. Davidson** and **Williamson, Riddell & Riddell,** all of Meridian, for appellee on petition.

**F. K. Ethridge** and **Gilbert & Cameron,** all of Meridian, for appellant.

**McGehee, J.,** delivered the opinion of the court.

Appellee sued for a divorce and alimony; and asked in the alternative for separate maintenance and an attorney's fee. Process was duly served on the appellant as defendant, but when the case came on to be heard no plea or answer was filed. Upon the proof made, the chancellor granted the alternative relief prayed for by allowing the sum of $50 per month separate maintenance and a $100 attorney's fee. On a later day of the term, the appellant appeared and sought to have the decree vacated and set aside on the ground that he had obtained from appellee a full and complete release, prior to the granting of such decree, from all liability for separate maintenance and attorney's fee. After being fully advised at the hearing on the motion as to the circumstances under which the alleged release was procured,

the said motion was overruled, and the allowance for separate maintenance and attorney's fee was made final. Thereupon, appellant prayed for and obtained an appeal to this court with supersedeas.

The case is now before us for hearing on the petition of appellee, supported by affidavits as to her necessitous circumstances and the appellant's ability to pay, seeking an allowance of alimony pending this appeal, and for counsel fees in this Court.

It must be conceded that the appellee is entitled to the legal services of an attorney in this Court to assist her in defending the decree of the court below, as held in the case of Hall v. Hall, 77 Miss. 741, 27 So. 636; Everett v. Everett, 80 So. 647; and she is entitled to an allowance of alimony pending the appeal to enable her to maintain her rights, whatever they may be, when the case is heard on the merits. Numerous affidavits of crimination and recrimination have been filed in this Court on the issue now before us, but we are concerned solely with the question as to the necessitous circumstances of the wife and the obligation of the husband to pay suit money and attorneys fees before being allowed to proceed with his appeal.

In the case of Franklin v. Franklin, 109 Miss. 163, 68 So. 74, the Court said: "It is generally held that appellate courts have jurisdiction to order an allowance of alimony pending an appeal and counsel fees for the wife's defense. This is done to enable the wife to maintain her rights on the appeal and is an incidental power in the court where the cause is pending. 1 R. C. L., sec. 21, p. 882; Lane v. Lane, 26 App. D. C. 235, 6 Ann. Cas. 683; Mosher v. Mosher, 16 N. D. 269, 113 N. W. 99, 12 L. R. A. (N. S.) 820, 125 Am. St. Rep. 654; Hall v. Hall, 77 Miss. 741, 27 So. 636; Duxstad v. Duxstad, 16 Wyo. 396, 94 P. 463, 15 Ann. Cas. 228."

Suffice it to say, a sufficient showing has been made to justify this Court in fixing an allowance of alimony pending the appeal in the sum of $50 per month from and

after the rendition of the decree appealed from and until the hearing of the appeal here on its merits, this amount having been allowed by the chancellor before whom the parties were given full opportunity to produce evidence both as to the needs and requirements of the wife and as to the duty and ability of the husband in the premises. The customary allowance here for an attorney's fee is one-half of the sum allowed by the court below for such purpose.

The petition is granted, and the appellee is allowed the sum of $50 per month suit money covering the period pending this appeal, and the sum of $50 as an attorney's fee here, all to be paid to her or her order, or placed with the Clerk of this Court subject to her order within thirty days from the date of this decree, in default of which payment the appellant's appeal will stand dismissed.