## VAN DUZER v. VAN DUZER.

1. **Divorce**: PETITION FOR MUST BE VERIFIED: TEMPORARY ALIMONY ON PETITION NOT VERIFIED. Section 2222 of the Code, requiring petitions for divorce to be verified, must be regarded as mandatory, so that no divorce can legally be granted upon an unverified petition; but the court may require the verification to be made at any time before the final hearing, and in the meantime will have jurisdiction of the cause for interlocutory purposes; and so where the original petition was radically defective, but was cured by an amendment which was not verified, but which defendant had answered, *held* that the court had jurisdiction to make an order for temporary alimony.

2. ———: TEMPORARY ALIMONY: AMOUNT OF. Under the circumstances of this case, (see opinion,) an allowance of $25 per month to the plaintiff for her support during the pendency of the suit, and for $300 for counsel fees, and $200 for payment of witness fees, *held* not excessive; but an application to this court to increase the allowance for counsel fees in view of the appeal, is denied, on the ground that the original allowance was made, and is sufficient, for all services.

*Appeal from Adair Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION FOR DIVORCE. The appeal is by defendant from an order of the circuit court requiring him to pay to the clerk certain sums of money for the separate support and maintenance of plaintiff during the pendency of the suit, and to enable her to prosecute the action.

*Wolf & Landt* and *Fogg & Neal*, for appellant.

*W. D. Kelsey* and *E. Willard*, for appellee.

REED, J. The order appealed from requires defendant to pay to the clerk the sum of $25 on the fifteenth day of each month, during the pendency of the suit, for the support and maintenance of plaintiff; also the sum of $300 for the fees of her counsel, and $200 for the payment of witness fees, and such other costs and expenses as might be incurred in preparing the case for trial.

VOL. LXV—40

It was shown, on the hearing of the application for the order, that plaintiff had no means of her own adequate for her support, or for the payment of the costs and expenses of the suit. The first objection to this order urged by defendant is, that no legal cause for divorce is alleged in the petition. The division of the original petition in which the pleader attempted to state a cause of divorce, is as follows: "Par. 6. That on or about the ——— day of ———, 18—, the said defendant assaulted this plaintiff at the residence of the defendant, and at divers other times during their married life he, the said defendant, has abused and maltreated this plaintiff, and the abuse and ill-treatment received by this plaintiff is such that she fears to live with him longer as his wife." That this paragraph fails to state a cause for divorce is very apparent. But, before the order in question was made, plaintiff filed an amendment to her petition in which a number of acts of cruel and inhuman treatment by defendant are alleged, and it is averred that the life of plaintiff has been endangered thereby. This amendment, however, was not verified. But defendant filed an answer denying the averments thereof. It is provided by section 2222 of the Code that all of the allegations of the petition in an action for divorce must be verified by the oath of the plaintiff.

Counsel for defendant contend that, as the amendment was not verified, the court should have disregarded it in determining the application for temporary alimony, and that, as the original petition did not allege a cause for divorce, the order allowing alimony should not have been made. The provision of section 2222, requiring the verification of the allegations of the petition by the oath of plaintiff, was doubtless intended to be mandatory. The language of the provision is that "the allegations of the petition *must* be verified," etc. The section was enacted, doubtless, to prevent as far as possible all looseness of practice in actions for divorce, and its requirements should be strictly enforced in all cases. We

1. DIVORCE: petition for must be verified: temporary alimony on petition not verified.

do not agree with plaintiff's counsel that, by answering the unverified allegations, defendant waived the provision requiring them to be verified. It was enacted, not for the benefit of defendants in actions for divorce, but as a hindrance to easy divorces,—a matter in which the state is concerned,—and it cannot be waived by the defendant. It does not relate, however, to the jurisdiction of the court. It prescribes simply a rule of practice for the government of cases of this kind, and this rule is intended to govern only as to the final judgment in the case. What is prohibited by the provision is the granting of a divorce, unless the requirement as to verification is complied with. The power of the court to make any interlocutory order proper to be made in the case is not at all affected by it. By answering the unverified amendment to the petition, defendant waived the right to object as to the time of verification. The court can, and doubtless will, require the provision of the statute to be complied with before the final hearing of the case. We think, then, that the averments of the amendment to the petition might properly be considered by the court in determining the application for temporary alimony. The simple fact of the pendency of the action for divorce is sufficient to entitle the wife, who has no adequate means of her own, to alimony during its pendency. 2 Bish. Mar. & Div., § § 384, 385.

II. The next objection urged against the order is, that the amount allowed to pay counsel fees and meet the other expenses of preparing the case for trial is excessive. The order directs that the $300 allowed for attorneys' fees be paid to the clerk, and it provides that the amount may be paid by the clerk to plaintiff's attorneys. This allowance is made for the purpose of providing for the compensation of the attorneys for such services as they may render in the further progress of the case, as well as for those already rendered when the order was made, and we cannot say that it is excessive. An answer had been filed when the order was made, and the issue thus made is to be tried. It

2. ———: temporary alimony: amount of.

was shown that the witnesses who could give testimony tending to establish plaintiff's claim were widely scattered. All the indications are that the preparation of the case for trial, and its trial, will devolve very considerable labor upon counsel, and we think the amount awarded does not exceed a fair compensation for this labor. The $200 allowed for the payment of witness fees, and other expenses incurred in the preparation of the case for trial, is also ordered to be paid to the clerk, and there is no direction in the order for the payment of the sum to plaintiff. It will be the duty of the clerk to apply such portion of this fund as may be necessary in payment of the costs as they accrue, and, if it should transpire that the amount is more than is required for that purpose, the excess will be returned to defendant, so that he will suffer no prejudice from the order, even if the amount shall prove to be excessive.

III. An attachment was issued when the suit was instituted, and it was levied on a large amount of property belonging to defendant. He contends that the order should not have been made, for the reason that, by the seizure of his property on the attachment, he would be prevented from complying with its requirements. The order, however, releases all personal property seized on the writ. The evidence shows that the value of this property is greatly in excess of the amount which defendant is required by the order to pay. The attachment, we are satisfied, does not deprive him of the ability to perform the order. We see no reason for disturbing the order on any of the grounds urged.

IV. Plaintiff filed in this court an application for an additional allowance for the payment of the charges of her counsel for their services on this appeal. This application is overruled. The amount allowed by the order of the circuit court for attorneys' fees, as stated above, is for the compensation of counsel for all services in the case, and it does not appear to us to be inaequate for that purpose.

                                        AFFIRMED.