Hart v. Hart.

## HART v. HART.

**Appeal**: TRIAL DE NOVO: DEFECTIVE ABSTRACT. A cause cannot be tried on its merits in this court where appellant's abstract shows on its face that it does not contain all the evidence offered by his adversary in the court below, even though the abstract states that it contains all the evidence.

*Appeal from Carroll District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 18, 1888.

THIS is an action for a divorce. There was a decree by the court below for the plaintiff. Defendant appeals.

*B. I. Salinger*, for appellant.

*E. M. Betzer*, for appellee.

Hart v. Hart.

ROTHROCK, J.—The parties were married on the fifth day of April, 1881, and lived together as husband and wife until July 25, 1882, at which time a separation took place, and the plaintiff went with her child (the issue of the marriage) to her father's house, where she has ever since resided. She and her child have been supported by her father, and by her own personal labor. This action was commenced in April, 1885. The grounds for divorce, as set forth in the petition, are (1) desertion; (2) cruel and inhuman treatment; and (3) the drunkenness of the defendant.

It is claimed that the evidence was insufficient to authorize a decree. It is probably true that the evidence as to the alleged desertion would be insufficient. It appears that the separation was by consent. The parties were boarding at the time, and the plaintiff left the boarding-house with her child, and went to her father's house, and did not return. The defendant assisted her in going away from the boarding-house, securing her an opportunity to ride in the wagon of another person in the direction of her father's place of residence. But we think the decree may be sustained upon the ground of cruelty, and that the claim made by the appellant that this ground is not sustained by evidence, in addition to the testimony of the plaintiff, is not well founded. It appears from evidence other than the testimony of the plaintiff that for much of the time after the marriage of the parties they lived with relatives; that the defendant was addicted to drunkenness; and that, from the time of the separation until the trial in the court below, the defendant has not offered to contribute anything to the support of the plaintiff and his child. It is not shown that he is physically unable to contribute to their support by his labor. He makes no claim to the custody of his child, but seems to be entirely content that his family shall be maintained without his assistance. We do not think the record is in a condition which will authorize us to review the questions of fact in the case. It appears from an inspection of the

abstract and amended abstract filed by appellant that the plaintiff introduced and examined five witnesses. The testimony of three witnesses is presented in the abstracts, but the testimony of the other two is entirely omitted. Nor, although the claim is made in the abstracts that they are abstracts of all the evidence, they show on their face that the claim is not correct. In this state of the record we cannot determine the cause upon its merits.

AFFIRMED.