EVA BERRY, Appellee, v. ZACH BERRY, Appellant.

| 115 | 543 |
| 129 | 195 |

| 115 | 543 |
| f132 | 303 |
| 133 | 24 |
| f133 | 271 |

**Trial De Novo:** REVIEW OF EVIDENCE: *Divorce.* As the sufficiency of the case made and the credibility of the parties depends so much on their appearance, a decree of divorce on the ground of cruel and inhuman treatment, endangering life, will not be disturbed on the ground of insufficiency of the evidence, though the case is triable *de novo* on appeal; there being testimony that defendant was a man of hasty and violent temper, and when angered used profane and abusive language; that, excited over trivial matters, he slapped plaintiff's face on two occasions,—once quite violently; that he refused her request, when sick, to send for a neighbor; that at the birth of a child he questioned its paternity; that he cursed and called her vile names in the presence of her children and others; that he denounced her parents and friends; and that by reason of such treatment she was tormented with fear, and made ill, weak, and nervous, thus tending to endanger her life.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

TUESDAY, FEBRUARY 4, 1902.

ACTION for divorce. Decree as prayed, and defendant appeals.—*Affirmed.*

*F. L. Anderson* for appellant.

*Fitzgerald & Varner* for appellee.

WEAVER, J.—As ground for divorce, the petition charges cruel and inhuman treatment. In support of this allegation, evidence was offered tending to show that appellant is a man of hasty and violent temper, and when angered is profane in speech and abusive in language; that, becoming excited over trivial matters, he slapped his wife's face on at least two occasions,—once quite violently; that when she was ill, and requested him to call in a neighbor, he refused; that at the time of the birth of her child he expressed to her his doubts whether another man was not its father; that he cursed her and called her vile names in the presence of their children and others; that he denounced and reviled her parents and friends, that upon all such occasions his abuse was accompanied and emphasized with a copious and varied flow of profane objurgation, from which it is unnecessary to quote; and that by reason of such treatment she was tormented with fear, and made ill, weak and nervous, thus tending to endanger her life. The evidence corroborating the wife's story is not strong, but tends in some degree to sustain the correctness of her statements. The appellant on the witness stand denied that he ever struck or slapped his wife, and denied that he cursed her, but admitted that when angry he sometimes used profane language. He admits refusing to go for a neighbor when his wife was sick, but says he offered to go for the doctor but she would not permit him. This is the substance of the case as made by the parties, and the appeal is predicated solely upon the thought that the evidence is insufficient to sustain a decree in the wife's favor. It is to be admitted that the showing of cruel and inhuman treatment

is not as overwhelming as is sometimes made in cases of this kind, but, after due deliberation, we think it sufficient. Some women may be so constituted that loud-mouthed curses upon themselves, their parents and friends, and coarse insinuations against their wifely virtue, will be received with perfect equanimity; and as to them, while it is cruel and inhuman treatment, it does not endanger life. But women who thrive upon such treatment are rare. With the husband a strong man of violent temper and profane and abusive tongue, and the wife a woman in frail health and of weak and sensitive nerves, it does not require murderous blows or the display of firearms to endanger life, within the meaning of the statute. Upon such a woman every curse and foul epithet falls with as killing effect as a stroke from the clenched fist. Cruelty of this kind is good grounds for divorce. *Wheeler v. Wheeler,* 53 Iowa, 511; *Sackrider v. Sackrider,* 60 Iowa, 397; *Doolittle v. Doolittle,* 78 Iowa, 691. It is suggested by his counsel that appellant's profanity was "argumentative" only, and therefore of no weight as evidence. Upon the Hibernian theory that the riot at Donnybrook Fair was an "argument with sticks," counsel's euphemistic characterization of his client's conduct may be adopted, but it should be remembered that in all "arguments" of that nature somebody is liable to receive hurt. While cases of this class are triable here *de novo,* we think it not improper to give some weight to the fact that the trial court had before it these people in person. As we have already noted, the question of the sufficiency of the case made by the wife depends to no inconsiderable extent upon the physical and mental strength and temperament of the parties, their condition of health, and other circumstances of that nature, of which little or nothing can be shown in an abstract of the report of their testimony. Then too, their appearance and demeanor as witnesses, their tones of voice, their gestures, their meaning

glances, their bearing toward each other, all of which are pertinent and often decisive factors in the mind of the court in passing upon the credibility and weight of their testimony, are all lost in the presentation of the case upon appeal. In no other litigation is the personal presence of the parties in court more important, or the weight and value of the circumstances we have mentioned more vital, than in divorce proceedings. The court below evidently tried the case with conscientious care, calling back both husband and wife for further examination after the parties had rested their case; and in view of that fact, and the record here presented, we believe the finding in plaintiff's favor should not be disturbed.—Affirmed.