GRANT S. WELLS, Appellant, v. MAGGIE F. WELLS.

**Divorce:** *Cruel treatment alone not ground for.* Under the statute permitting divorce for mistreatment endangering a wife's life, only on evidence of a permanent impairment of health by reason of a husband's misconduct, a divorce cannot be granted on the ground of cruel treatment.

EVIDENCE OF ADULTERY MUST BE CLEAR. Where the evidence does not clearly show the commission of adultery, the denial of a divorce on such ground will not be disturbed; especially when the trial court found against the charge.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, *Judge.*

WEDNESDAY, FEBRUARY 12, 1902.

ACTION for divorce on the ground of adultery. Defendant, by cross action, seeks divorce on the ground of cruel and inhuman treatment. The lower court dismissed both actions on the merits. Each party appeals, and plaintiff will be treated as appellant.—*Affirmed.*

*J. J. Mosnat* for appellant.

*B. W. Preston* for appellee.

McCLAIN, J.—There is some evidence tending to show adultery committed by defendant on two different occasions, but the evidence is far from satisfactory, and giving some weight—as we have a right to do, even in an equity cause—to the conclusions of the trial judge, who heard the witnesses, we are not inclined to interfere with the decree. Evidence as to one of the occasions does not help out the evidence as to the other, because in each instance the conclusion to be drawn depends upon direct testimony, and not upon proof of the intent of the parties. So far as there was direct evidence of criminal intercourse on the part of the defendant, we think it is not sufficient; and as to the inference to be drawn from other evidence and suspicious circumstances we may say, as was said in *State v. Chaney,* 110 Iowa, 199. "There is no fact shown that cannot be reconciled with (defendant's) innocence. While direct proof of the act of intercourse is not required in cases of this nature, it is necessary that the circumstances shown be inconsistent with innocent conduct. Even in civil cases we have held facts stronger than those here shown to be insufficient to sustain a charge of adultery."

The evidence for defendant upon her cross petition shows that plaintiff's conduct towards her was not by any means such as it should have been. He did unquestionably at times mistreat her, but our statute permits divorce in such cases only where the treatment is such as to endanger the life of the wife. Mistreatment may be of this character either because of the physical violence involved which in itself endangers life, or because of the effect which it has on the wife in impairing her health. But in this case there is substantially no evidence of permanent impairment of health by reason of plaintiff's misconduct, and we do not think that any of the cases of physical violence complained of were calculated to endanger life. It is plain that these parties would mutually be glad to escape from the bonds of the matrimonial relation between them,

which they find extremely irksome, but there is nothing in the statutory provisions on the subject encouraging the conclusion that such feelings of mutual repugnance are sufficient to justify the dissolution of the marriage    bonds.— AFFIRMED.