LILLIE MAE RADER, Appellee, v. JOHN DELBERT RADER, Appellant.

Divorce: CRUEL AND INHUMAN TREATMENT. Cruel and inhuman treatment authorizing a divorce is not confined to physical assaults; it may be shown by a course of general ill treatment such as abusive, insulting, profane and vulgar language, lack of affection and refusal to furnish necessary food and clothing.

*Appeal from Boone District Court.*— HON. J. R. WHITAKER, Judge.

MONDAY, NOVEMBER 18, 1907.

ACTION for divorce. Decree as prayed, and defendant appeals.— *Affirmed.*

*D. R. Hindman,* for appellant.

*D. G. Baker,* for appellee.

Deemer, J.— Cruel and inhuman treatment, calculated to endanger life, and consisting of the use of profane, vulgar and obscene language toward plaintiff, threats of bodily injury, and deprivation of food and wearing apparel, were the grounds alleged for the divorce. These were denied by defendant. The trial court granted the divorce and gave plaintiff the custody of a minor child. The parties were married on the 18th day of March, 1903, and they lived together as husband and wife until March 1, 1905, when plaintiff left her husband and went to live with her parents.

The sole question in the case is one of fact, and that is: Was defendant guilty of such inhuman treatment of plaintiff as endangered her life? We shall not, of course, attempt to set out the entire record. It is enough for the purpose of the case to state our conclusions. Whilst the case is not a strong one, we think there is enough to show that defendant used profane, obscene, insulting, and abusive language toward his wife, complained of her cooking, and generally treated her in such a manner as to endanger her life and health. He never, it is true, used physical violence, but he did that which to any ordinary woman is more cruel. After the first few weeks of married life, he seems to have lost all affection for his wife. He was profane and abusive, criticized her cooking, failed to provide her with clothing, and in other ways made life miserable. True, most of the charge defendant denies; but the witnesses were all before the trial court, and plaintiff's condition of health as autoptically disclosed, and her manner and demeanor upon the witness stand, as well as defendant's appearance and demeanor, should all be considered and given due weight. And in such cases as this the finding of the trial court should be given due consideration in view of the conflicting testimony adduced. Plaintiff was comparatively a well woman when she married the defendant, and when she left him she was much broken both in health and spirits, and for this defendant seems to have been responsible. It is not necessary, of course, to show

physical assaults in order to make out a case of cruelty.   The general treatment accorded the wife by the husband should be considered, and, if, upon the whole record, it appears that the life and health of the wife has been endangered by ill-treatment, be that nothing more than abusive, insulting, profane, and vulgar language, lack of affection, or failure to furnish the necessaries of life, a divorce should be granted.

Giving to the finding of the trial court its due weight, we are constrained to hold that the divorce was properly granted.

The decree is therefore *affirmed*.