GRACE HINES, Appellee, v. GILBERT HINES, Appellant.

DIVORCE: Corroboration—Excessive Sexual Demands. Corroboration
1   of the charge of cruelty in the form of excessive sexual demands of
the guilty party may be found in testimony tending to show that,
while the wife lived with her husband, she was afflicted with
vaginitis and general female trouble; that said trouble did not
yield to medical treatment while she so continued to live with him;
and that, after leaving him, she regained her health.

DIVORCE: Custody of Young Children. Principle reaffirmed that, in
2   sustaining a decree to a wife, the appellate court will not disturb
an order granting her the custody of her children of tender age,
she being fit, proper, and financially able.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 22, 1921.

ACTION for divorce. Decree entered finding equities in
favor of plaintiff. Defendant appeals.—*Affirmed.*

*Wilson & Shaw* and *W. F. Moore,* for appellant.

*J. A. Ralls* and *Sayles & Taylor,* for appellee.

DE GRAFF, J.—Plaintiff-appellee Grace Hines instituted this
action against her husband Gilbert Hines for a divorce alleg-
ing cruel and inhuman treatment and personal indignities, in-
volving excessive sexual intercourse and demands therefor, which
impaired her health and endangered her life. An answer was
filed by the defendant denying the material allegations of the
complaint and by cross-petition defendant alleged the willful
desertion of the wife from the home of the defendant, and for
said cause asked a divorce from the wife. A trial was had on
the merits resulting in a decree in favor of the plaintiff, dis-
missing defendant's cross-petition, granting to plaintiff the care
and custody of the two minor children and awarding plaintiff
judgment against defendant in the sum of $10 per week for the
support of said children until further order of court.

The merits of this controversy present nothing new in judicial annals relative to divorce. It is the usual story of a marriage in which cruelty is charged by the wife against the husband predicated on compulsory excessive sexual intercourse which it is alleged injured the health of the wife and rendered her life burdensome and intolerable.

The primary contention of appellant is that the evidence of the plaintiff is not sufficiently corroborated to warrant a decree of divorce. We are not unmindful that the trial court who had all the witnesses before him was better able to judge of the truthfulness of their testimony than is this court. We may also say in passing that it is but natural that a sensitive refined woman would not appeal to anyone except her husband under the circumstances recited and charged by her, nor proclaim under such circumstances her intimate troubles to the world. Had she told others the testimony of such parties on this trial would have been hearsay and incompetent.

1. DIVORCE: corroboration: excessive sexual demands.

True the statute provides that the allegations of the petition must be established by competent evidence and no divorce shall be granted on the testimony of the plaintiff alone. Code Section 3173. Under this provision it is sufficient if circumstantial evidence is found corroborating the plaintiff as to the material allegations recited in the petition. The facts may fail to directly corroborate the plaintiff in the particulars charged, but if the plaintiff's testimony is indirectly or circumstantially corroborated the court is warranted in determining the equities to be in plaintiff's favor.

In the instant case the record discloses that the plaintiff when she left the defendant was in poor health; that thereafter and during her absence from him she regained her health; that prior to leaving her home she consulted a doctor, and he testified that she was afflicted and suffering with vaginitis and general female trouble; that she did not respond to his treatment while living with her husband and that he advised her to go away for a time, although not intending to recommend a permanent separation. May it be said that these facts are not corroborative in this case?

A wife has the right to protect her health and her life from the ungoverned lust of her husband by seeking a divorce. Such an action presents as strong a case for relief as when she flees from his intolerable cruelty inflicted by other means. It is personal violence under another name, and cannot be justified under the claim of the exercise of his marital rights. These rights are reciprocal and exist on the part of the wife as distinctly as on the part of the husband. It is true that marital rights involve marital duties, and include the duty of forbearance on the part of the husband at the reasonable request of the wife as well as the duty of submission on the part of the wife at the reasonable request of the husband. In the decision of such matters a court must take into consideration the duty of the husband as well as the duty of the wife. To unduly emphasize either would be manifestly unjust.

We deem it unnecessary to incumber this opinion with the recitals of the plaintiff in relation to the delicate matters offered by her in support of her complaint. On the whole record we conclude that the plaintiff is entitled to a decree of divorce. It may be pertinent to say that the difficulties between the parties hereto have reached such a point that render it undesirable that they should longer live together. The further recognition of the bonds of matrimony between them would benefit neither. When a wife cannot longer decently live with her husband through his fault, and that fault comes within the purview of a statutory ground for divorce, the marriage relation should cease. This case presents the question whether plaintiff can safely live and cohabit with her husband. We answer in the negative.

It is further contended by appellant that the court erred in awarding to this plaintiff the care and custody of the two children, a girl of nine and a boy of five years. The defendant attempts to have the finger of suspicion point in the direction of the plaintiff by reason of the fact that when she left her former home in Guthrie Center, Iowa, she was accompanied by a woman whose general reputation for moral character was shown to be bad by the testimony of several witnesses. It is not shown, however, except inferentially that the plaintiff knew the character of this woman, but it is shown that when she learned of

2. DIVORCE: custody of young children.

certain conduct on her part that she caused the impeached lady to leave the newly acquired home.

We are not seriously impressed with the testimony introduced by the defendant for the purpose of proving that the mother of these minor children is not a proper person to have their care and custody. A court is naturally inclined to give to the mother the custody of her children of tender years. This tendency is well-founded. It is a recognition that, other conditions being equal, the mother is God's own institution for the rearing and upbringing of the child. It puts a premium on child culture in the hands of an expert.

In the instant case the defendant has no home in which to place his minor children, except the farm home of his father and it appears that there is more interest shown on behalf of the grandfather in the boy than in the girl. This probably impressed the trial court and although we do not question that the home of the grandfather is a suitable place for the boy, yet some reason should be given for the separation of a brother and sister upon the divorce of the parents. The mother has a suitable rented home, has employment at fair wages, and with the payment of the alimony awarded for the support of the children she can manage things quite satisfactorily. The action of the trial court in this particular meets our approval. Wherefore the decree entered is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.