Elizabeth B. Courtney, Appellee, v. George W. Courtney,
Appellant.

No. 41225.

June 24, 1932.

Mabry & Mabry, for appellee.

L. L. Duke, for appellant.

Wagner, C. J.—Elizabeth B. Courtney, plaintiff and appellee, asks a divorce from her husband, George W. Courtney, defendant and appellant, on the ground of cruel and inhuman treatment. In a cross-petition filed by the husband, he asks a divorce from his wife, based on the same ground. The trial court found for the plaintiff, and granted her a divorce and the care and custody of their two minor children, and ordered and adjudged that the defendant should pay as alimony for the

maintenance of herself and said children the sum of $25.00 per month. From the judgment and decree rendered, the defendant has appealed. The defendant in his brief and argument makes no complaint as to the amount of alimony. He complains because the trial court granted his wife a divorce and the care and custody of the minor children, his contention being that the plaintiff is not entitled to a divorce, and that he is entitled to a divorce on his cross-petition, and in any event, to the care and custody of said children.

Our statutory law, Section 10475, Codes 1927 and 1931, provides:

"Divorces from the bonds of matrimony may be decreed against the husband for the following causes: * * *

"5. When he is guilty of such inhuman treatment as to endanger the life of his wife."

Section 10476, Codes 1927 and 1931, provides:

"The husband may obtain a divorce from the wife for like cause, * * *"

Section 10474, Codes 1927 and 1931, provides:

"No divorce shall be granted on the testimony of the plaintiff alone."

The aforesaid quoted sections of our statutory law, when applied to the facts, as disclosed by the record, must determine the rights of the parties to this litigation. It will be observed therefrom that before one spouse can obtain a divorce against the other upon the ground of cruel and inhuman treatment, the treatment must not only be inhuman but must be such as to endanger the life of the complainant. See Krotz v. Krotz, 209 Iowa 433; Roach v. Roach, 213 Iowa 314; Hill v. Hill, 201 Iowa 864; Massie v. Massie, 202 Iowa 1311; Wells v. Wells, 116 Iowa 59; Pfannebecker v. Pfannebecker, 133 Iowa 425. We now turn to the record to ascertain whether the proof is such as to sustain the appellee's charge of inhuman treatment against the appellant. To refer to all of the evidence, as shown by the record, would be of no benefit to the parties nor to the profession. Therefore, in the discussion, we will refer to some of the facts and state our conclusions as derived from the record. The

parties hereto were married on December 24th, 1926, the appellant being at that time thirty-six years old and the appellee fifteen years of age. They have two boys, the younger being, at the time of the trial in the lower court, less than one year old. The exact age of the older child is not clearly shown by the record, but it is apparent therefrom that he was born some time during the first year of their married life. This action was begun August 19th, 1930. The appellee's petition contains the charges, and there is evidence to substantiate the same, that the defendant has on different occasions struck her with his fist; that, without cause, he has accused the plaintiff of infidelity and has denied the paternity of the younger child; that, in addition thereto, he cursed her and threatened her life. These charges are denied by the appellant in his answer. The convincing evidence in the record established the fact that when the older boy was only three days old, and while the plaintiff was still confined to her bed, the defendant, as a result of a discussion between them, became angry and struck her with his fist, and at that time threatened to do worse than the mere striking of her. This act of cruelty is corroborated by the testimony of plaintiff's mother, who was present at that time. The plaintiff testifies that the defendant denied that he is the father of the younger boy and falsely named another man who he said was the father of the boy. This testimony is also corroborated by the plaintiff's mother. He boasted to his wife about having gotten a certain woman in the family way and the means used in procuring an abortion. This testimony by the plaintiff is in the main corroborated by other testimony in the case. It appears from the plaintiff's testimony that he was opposed to his wife's having children and suggested to her means by which she could produce an abortion. This the wife did not do. The testimony of the plaintiff is that, after the marriage, she found in his pocket book a photograph of one of his former sweethearts, and upon inquiry he told her that he had been running around with this woman, that he loved her and was going to have her. According to the wife's testimony, he told her that he had slept with this woman in an Ottumwa hotel, and that she had been married to another man. It is shown by the wife's testimony that on one occasion this woman came to their home; that her company and presence were not agreeable to the plaintiff; that

her husband, in talking to her about the occurrence, informed her that if she (the plaintiff) did not let his women come in and drink and have a good time he would shoot her and the baby; and that he got the gun and loaded it and pointed it at her. It is shown by the wife's testimony that her husband told her that if she did not drink with his women pals that he was running with before his marriage, and smoke cigarettes and run around with other men and bring in the living, he would not live with her. It is also shown by the wife's testimony that the husband accused her of attempting to dope or poison him, and this is virtually admitted by the defendant in his testimony. It is quite apparent that this charge is unfounded. The defendant admits in his testimony that on one occasion he slapped his wife, but claims that this is the only time that he ever struck her. The defendant is a coal miner, muscular and strong, and weighs 165 pounds. His wife, at the time of the marriage, weighed in excess of 100 pounds, and at the time of the trial her weight had been reduced to 70 pounds. It is clear from the record that she has been humiliated and that she grieved much because of his conduct and that as a result thereof, she has become emaciated, weak and nervous. There is other testimony in the record, but to set it out more fully would unduly extend the length of this opinion. The health of the wife has been impaired, and it is quite apparent from a careful reading of the record that it is the result of the inhuman treatment which she received from her husband.

The appellant contends that the testimony of the appellee is not corroborated, within the meaning of the aforesaid quoted Section 10474, Codes 1927 and 1931. The requirement of this section is met when there is evidence other than that of complainant, either direct or circumstantial, tending to establish the ground charged for obtaining the divorce. It is not necessary that the corroborating evidence be sufficient to sustain the decree; nor is it essential that the complainant's testimony be corroborated at every point, or that it touch every element or ingredient of the marital offense alleged in the petition. See Leonard v. Leonard, 174 Iowa 734; Hines v. Hines, 192 Iowa 569; Shors v. Shors, 133 Iowa 22. As will be seen by the foregoing, some of the testimony of the plaintiff is corroborated by that of her mother, and some of it is also cor-

roborated by the testimony given by the defendant. The record abundantly satisfies the statutory requirement of corroboration of the testimony given by the plaintiff. We are abidingly satisfied from the record that the defendant has been guilty of inhuman treatment and that the same has impaired her health and endangered her life. Therefore, the plaintiff is entitled to a divorce.

The appellant has not made out a case for a divorce from the appellee, and the trial court's action in denying him a divorce and dismissing his cross-petition is fully sustained by the record.

Was the trial court right in granting the care and custody of the children to the appellee? We answer in the affirmative. The decree provides that the appellant shall have the right at all reasonable times to visit the said children, and that, after either one of them reaches the age of three years, he shall have the right to the custody thereof for a period of two weeks out of each year. These children in the immature state of their development need a mother's care. The record fails to disclose that she is an improper person to have such custody. The granting to her of such custody will be for the best interest and welfare of the children.

The trial court's decree is correct, and the same is in all respects affirmed.—Affirmed.

EVANS, MORLING, KINDIG, and GRIMM, JJ., concur.