HARRY BLEW, Appellant, v. JENNIE BLEW, Appellee.

No. 44435.

November 22, 1938.

Geo. J. Dugan, for appellant.

Curtis W. Gregory, for appellee.

Kintzinger, J.—The plaintiff and defendant were married on February 24, 1932, at Ottumwa, Iowa, and lived together as husband and wife until on or about December 1, 1933. On January 5, 1937, the plaintiff filed a petition for divorce in Dallas County, Iowa, upon the grounds of desertion and cruel and inhuman treatment. On March 29, 1937, the defendant filed an answer setting up a general denial of the material allegations of plaintiff's petition.

At the same time defendant also filed a cross-petition against the plaintiff for separate maintenance upon the grounds of cruel and inhuman treatment and desertion. No children were born as a result of this marriage. The lower court denied any relief to the plaintiff and found that the equities were with the defendant, and dismissed plaintiff's petition with prejudice. The lower court also found that the defendant was entitled to a decree for separate maintenance upon her cross-petition, and awarded her such a decree and a judgment of $15 per month until such time as plaintiff should in good faith provide and maintain a home and support for her, separate and apart from all members of plaintiff's family.

No serious questions of law are raised in this case, the only questions involved being those of fact.

We have carefully examined the evidence relating to the

grounds of cruel and inhuman treatment and desertion alleged against the defendant by plaintiff and are convinced therefrom that plaintiff has failed to show any such cruel and inhuman treatment against him by his wife which would in any manner endanger his life. The testimony also fails to show that the defendant left the plaintiff without any good cause or that she was guilty of deserting him.

It will do no good to set out the testimony in detail bearing upon these issues. It is sufficient to say that we have carefully considered the evidence in relation to such issues and find that the ruling of the lower court thereon was correct.

Likewise we have carefully examined the record with reference to the charge of cruel and inhuman treatment made by the defendant against her husband, and without setting out the evidence in detail, which we think unnecessary, it is our conclusion from the evidence that she has failed to show by a preponderance of the evidence that her husband was guilty of such cruel and inhuman treatment against her as to endanger her life.

With reference to the defendant's cross-petition for separate maintenance, however, it is our conclusion that the lower court was right in finding that plaintiff's actions toward the defendant were sufficient to warrant the lower court in holding that plaintiff was guilty of desertion in failing to provide his wife with a home and support.

The pleadings and the proof both show that this married couple lived together from the time of their marriage until about December 1, 1933, with the exception of a few visits made by the defendant to her mother because of her mother's illness. The testimony tends to show that until the marriage took place it was the intention of both the husband and the wife to rent a separate farm away from plaintiff's family. Instead of so doing, however, plaintiff insisted upon living with his parents and family. The record also tends to show that about December 1, 1933, the defendant was practically forced out of her mother-in-law's home and was taken to her relatives. The record also shows without any serious dispute that from that time on plaintiff failed and neglected to provide a home or support for his wife, through no fault of hers. The record also shows that during all of the time plaintiff and defendant lived together the plaintiff worked for his parents upon two farms consisting of several hundred

acres; that during all of the time they lived together the only wearing apparel he ever furnished his wife consisted of some stockings and mittens, and, according to his own testimony, he never gave her over $40 or $50 during the entire time they lived together.

It is sufficient to say that her testimony regarding plaintiff's failure to support her was corroborated by other competent evidence. It is true there is some conflict in the evidence, but as was said in the case of Massie v. Massie, 202 Iowa 1311, l. c. 1312, 210 N. W. 431, 432, as referred to in the case of Kingery v. Kingery, Iowa, 275 N. W. 561:

"In cases of this kind, although they are in equity, and triable de nove here, in the presence of a serious conflict in the testimony, we are disposed to give serious consideration to the decision of the trial court, in determining final disposition of the case here. Berry v. Berry, supra (115 Iowa 543, 88 N. W. 1075); Rader v. Rader, supra (136 Iowa 223, 113 N. W. 817) * * *."

The lower court found the equities in favor of the defendant upon the issue of desertion. We have carefully examined the evidence relating to this issue and are convinced that the judgment of the lower court thereon was correct.

It is therefore our conclusion that the judgment and decree of the lower court be and is hereby affirmed.—Affirmed.

SAGER, C. J., and DONEGAN, HAMILTON, MILLER, and ANDERSON, JJ., concur.