Mabel Low, Appellant, v. Charlie G. Low, Appellee.

No. 46007.

January 12, 1943.

John L. Duffy, of Dubuque, for appellant.

No appearance for appellee.

Hale, J.— The petition of plaintiff was filed on December 24, 1941, alleging cruel and inhuman treatment. Defendant did not appear or file pleading and default was entered. The case was heard on January 8, 1942, and on January 14, 1942, the court denied plaintiff's prayer for decree of divorce. Plaintiff appeals. Defendant has not appeared nor filed any argument.

We have examined the abstract and appellant's argument, and have also examined the transcript of the evidence, together with the clerk's record of the proceedings in the district court. The appellant, Mabel Low, is a resident of Dubuque county

and employed in a sanatorium there. She was married to appellee in 1909, and is now 51 years of age and her husband 61. There are three children, all of whom have attained their majority. The parties separated in 1939. Appellant by occupation was a nurse and she and her husband formerly lived on a farm, but since 1927 she has been employed almost constantly as a nurse. Her work has been at the Mount Pleasant Hospital and at the Sunnycrest Sanatorium at Dubuque. She testifies that appellee has not supported her during the last five years, has given little support to the children, and that she has supported herself and the children and put them through school. During the last twelve years her husband, although employed regularly, has contributed very little, if anything, to the family. During the past five years appellant has been sick on three different occasions and has undergone an operation for goiter. Part of her sickness was due to heart trouble. Her husband refused to pay her hospital and doctor bills and she was compelled to borrow money, giving her furniture as security. The fuel and rent bills were paid by her, and the family was evicted from four different homes because of lack of payment of rent. Although she spoke to her husband about the rent, he was indifferent and told her it was up to her to get a place to live and he would not even look for a home. Appellant claims her ill health was caused by these evictions.

The testimony shows that the children regularly attended Sunday school, that the wife is and has been a church member for a long while, and was a member of the W. C. T. U.; that appellee frequently told filthy and licentious stories in front of the children and herself and that when she protested he would merely laugh about it and repeat his conduct; that he cursed her and used vile epithets toward her; that he never visited her at the hospital when she was ill, and when ill at home he did not come near her room or ask about her, prepare any meals or bring her anything during these times, and ignored her completely. The children, through her efforts attended the common schools and the high schools, the oldest boy finishing the course there, and this education of the children met with disapproval from her husband. She was greatly embarrassed by the conduct of

her husband when she had visitors. Her husband would make fun of them and imitate what they said. She purchased a home on contract and is paying for it, but her husband contributed nothing to the price of the home, and she also bought the furniture.

It is shown by the record that appellee in his habits was careless in his person and as to bathing, although part of his work was the care of mules and horses at the sales barn. He refused to change his clothes, and his conduct, habits, and manner of caring for himself caused a nervous condition which resulted in a breakdown of her health. Her early training and education were superior to those of her husband. The gifts furnished the children on Christmas were provided by her, and on only one occasion during her married life did her husband give her a present on Christmas. The work around the house and outdoor tasks, such as shoveling snow, were done by herself and the children. Appellant's health has materially deteriorated during her life with her husband, but she states that since their separation she has gained weight and is in better condition. The foregoing is the substance of her testimony.

There was corroboration as to various matters by an attorney of Spirit Lake, not her counsel in this proceeding, who testified to the general appearance of appellee, some of his actions and statements, and to the failure in health of the appellant, as well as to her good reputation and her careful training of the children. He testified also as to the failure of appellee to contribute to the care and support of the family, as to his apparent indifference to their welfare and the resulting financial straits in which the family found itself. The witness's statement was:

"He was not paying any attention to her and was indifferent apparently about it and his attitude was that he didn't think she was sick and needed these services; and if she was, let her get it; one of cold indifference towards his house and his wife."

The witness further states that appellant's husband had accused her of infidelity. As to the financial situation, he stated in substance that it was Mrs. Low who had kept the family

together and had seen to it that the children had an education. The testimony of the appellant was sufficiently corroborated on the essential details. We have given in substance the evidence introduced at the trial.

Appellant had previously brought a divorce proceeding against her husband but dismissed it, as she says, on account of the notoriety.

While the record fails to show that at any time actual physical violence occurred, yet, to a woman of any refinement of character, appellee's conduct must have been such as to render their married life not only disagreeable but almost intolerable. The resulting struggle on her part for maintenance for herself and children and their education, with no assistance from her husband, together with his conduct, habits, coarse disposition and mind, lack of bodily neatness, and disregard for her feelings or the security of his family, could all well have contributed, and the testimony shows did so contribute, to her physical and nervous condition. This is a fact case. We have examined the record with care and we feel that such record shows that in this case a divorce should not have been denied. We are without the benefit of an appearance or argument by appellee, having to rely on the record, and we conclude that it shows sufficient grounds to authorize the granting of a decree.

Cases of this character have so frequently been before us, and the rules are so well established by a multiplicity of cases determined by this court, that it is scarcely necessary to cite authorities. However, as to failure to furnish suitable food and clothing, see Harnett v. Harnett, 55 Iowa 45, 7 N. W. 394; Hart v. Hart, 74 Iowa 487, 38 N. W. 375.

We have also decided that ill treatment, even without physical violence, may be such as to endanger the health of the wife. Doolittle v. Doolittle, 78 Iowa 691, 43 N. W. 616, 6 L. R. A. 187; Shook v. Shook, 114 Iowa 592, 87 N. W. 680; Aitchison v. Aitchison, 99 Iowa 93, 68 N. W. 573, and cases cited.

It has further often been held that the corroboration of plaintiff may be either by direct or circumstantial evidence tending to establish the ground alleged, and it is not essential that it alone sustain the decree, or that it support the plaintiff's

testimony in all points or in all of its parts. See Leonard v. Leonard, 174 Iowa 734, 156 N. W. 803, and cases cited; Courtney v. Courtney, 214 Iowa 721, 243 N. W. 510; Hines v. Hines, 192 Iowa 569, 185 N. W. 91.

As to the facts in similar cases, see Rader v. Rader, 136 Iowa 223, 113 N. W. 817; Thompson v. Thompson, 186 Iowa 1066, 173 N. W. 55, 5 A. L. R. 710; Inman v. Inman, 196 Iowa 845, 195 N. W. 583.

We are satisfied from an examination of the entire record that this is a case which comes within the rules we have frequently announced, and it is our opinion that the decree should have been granted. The cause is, therefore, reversed and remanded for decree in conformity with this opinion.—Reversed and remanded for decree.

GARFIELD, C. J., and MANTZ, OLIVER, WENNERSTRUM, MULRONEY, BLISS, and MILLER, JJ., concur.