VERNON W. SCHNOR, Appellee, v. FLORENCE A. SCHNOR, Appellant.

No. 46647.

FEBRUARY 6, 1945.

W. C. Hahle, of Sumner, and Sweet & Sager, of Waverly, for appellant.

Edgar A. Traeger, of West Union, for appellee.

MANTZ, J.—Plaintiff and defendant, husband and wife respectively, were married on October 27, 1936, and separated about June 1944. To this union was born one child, a daughter, aged five years when suit was brought. The husband in his petition prayed for a divorce, charging his wife with cruel and inhuman treatment and asking for the care and custody of the child, alleging that its mother was not a fit or suitable person to have the custody of such child.

The petition was not verified. Defendant did not deny or contest the allegations of plaintiff's petition, except the one relating to the care and custody of the child. She asked that such child be given to her parents.

When defendant filed her verified answer she and plaintiff entered into a written stipulation dealing with a division of the property in the event a divorce decree was granted. This stipulation also provided that plaintiff was to have the sole care and custody of the daughter, with the right of the mother to visit said child at reasonable times.

Following trial the court entered a decree finding that the allegations of the petition had been proven; granted plaintiff a divorce; confirmed the property settlement as stipulated, and awarded custody of the child to its paternal grandparents. The defendant has appealed.

The appellant has set out eight points or propositions wherein she states that the court erred in rendering its decree. But three of these points are argued and to these only will we give consideration, assuming that in failing to argue the others appellant has abandoned them.

The three propositions are:

(1) The court lacked jurisdiction to render a decree in that the petition for divorce was unverified.

(2) That the evidence introduced did not sustain the pleading in that the allegation of cruel and inhuman treatment was not sustained by a showing of adultery.

(3) That the plaintiff's testimony in support of his allegation of cruel and inhuman treatment was not corroborated in any way as required by statute.

We will consider these propositions in the order named.

I. The first complaint made by appellant is that the petition for divorce was not verified, and she cites the requirement of section 10471, Code of 1939, as follows:

"Verification—evidence. The petition must be verified by the plaintiff, and its allegations established by competent evidence."

In substantially the same form this statutory provision has been in the various Codes of this state beginning with that of 1851.

However, we have uniformly held that the failure to verify a divorce petition does not deprive the court of jurisdiction. See McCraney v. McCraney, 5 (Clarke) Iowa 232, 68 Am. Dec. 702; Ellis v. White, 61 Iowa 644, 17 N. W. 28; Van Duzer v. Van Duzer, 65 Iowa 625, 22 N. W. 900.

In this case appellant filed an answer and went to trial and did not at any time object to the fact that the petition was not verified. We think the appellant is hardly in a position to complain at this time of the lack of verification. In addition, appellee, as a witness, testified under oath in support of the allegations of his petition.

II. The second ground of complaint appellant makes is that, while the petition alleged as grounds for divorce cruel and inhuman treatment, the evidence offered to support such allegation tended to show that appellant had committed adultery on various occasions. Appellant's specific claim is that appellee cannot allege one ground of divorce in his petition and then prove up on another ground.

We do not think that the term "cruel and inhuman treatment" necessarily calls for violence. It may consist of many other acts which would attain like results. Mental worry caused by various acts would be as fully potent in affecting the health as would physical acts. Here were shown various undenied acts of adultery with other men, and, in addition, a callous and calculated indifference toward the father of their five-year-old

daughter. It is difficult to conceive a situation more calculated to impair the health and mental stability of her husband. Its existence necessarily compelled him to live in the atmosphere of fear, uncertainty, humiliation, doubt, and misgiving, and we have no hesitation in designating such conduct on the part of the appellant as cruel and inhuman treatment within the meaning of the law. We have had occasion to pass upon this question many times. Day v. Day, 84 Iowa 221, 50 N. W. 979; Roach v. Roach, 213 Iowa 314, 237 N. W. 439; Craig v. Craig, 129 Iowa 192, 194, 105 N. W. 446, 447, 2 L. R. A., N. S., 669; Brookins v. Brookins, 230 Iowa 1272, 300 N. W. 540; Coulter v. Coulter, 204 Iowa 575, 215 N. W. 619; Low v. Low, 232 Iowa 1114, 7 N. W. 2d 367; Doolittle v. Doolittle, 78 Iowa 691, 43 N. W. 616, 6 L. R. A. 187.

In Craig v. Craig, supra, a case where the husband, defendant, became infatuated with another woman and openly flaunted his illicit relations to his wife, Deemer, J., said:

"Such wounds are deeper and more dangerous to health than blows, more harassing than profane language, and more distressing than vulgar talk."

Here the court heard the evidence of open and brazen admissions of adulterous relations by appellant and found that such acts constituted cruel and inhuman treatment. We think the court was amply justified in so holding.

III. Appellant next complains that there was no corroboration of the evidence offered by appellee to sustain the charge of the petition alleging cruel and inhuman treatment. We think the record shows otherwise.

The husband, appellee, testified of circumstances at the home which aroused his suspicions that his wife, appellant, was indulging in immoral relations with a hired man. He accused his wife of such acts and states that she admitted having indulged therein. The mother of appellee testified that appellant, in the presence of appellee, a Mrs. Gager and her son Clarence, admitted such immoral relations. There was further evidence that one night, in the town of Hawkeye, appellant and a nephew of her husband went up to the schoolhouse and there indulged in illicit relations.

724

Appellant was in the courtroom when the case was tried but did not take the stand or offer any testimony.

After granting appellee a divorce the court awarded the sole custody and control of the daughter to her paternal grandparents, granting to the mother the right to visit her child. The record abundantly shows the moral unfitness of the mother to rear the child. The grandparents are shown to be of good character and repute, having ample means to care for the child and an expressed willingness to do so. The evidence shows that for a considerable period the child has lived with its grandparents and that there exists a mutual attachment between them.

The court heard the evidence; the parties were before it; it had jurisdiction to hear and decide the case; and the evidence fully supports the finding and decree and it is affirmed.—Affirmed.

All JUSTICES concur.