HOWELL *v.* HOWELL.

Jan. 21, 1952.

No. 38153 (56 So. (2d) 392)

Hall & Sutherland, for appellant.

R. A. Gray, Jr., and L. C. McClaren, for appellee.

144

**Hall, J.**

Appellee brought an action against appellant seeking a divorce and custody of their minor child on the ground of habitual cruel and inhuman treatment. From a decree granting a divorce and awarding custody of the child to the father with the right of the wife to see and visit the child at reasonable times and places, the wife appeals and assigns two errors.

The first assignment is that the chancellor erred in granting the divorce on uncorroborated testimony. In Anderson v. Anderson, 190 Miss. 508, 513, 200 So. 726, 728, this Court said that ''the corroborating evidence will be sufficient if it prove such substantial facts and circumstances as will serve to engender in a sound and prudently cautious mind a confident conclusion that the testimony of the complainant is true in all essential particulars''. In Amis on Divorce and Separation in Mississippi, Section 260, it is said that ''the proof in each case should be such as to convince the chancellor with reasonable certainty that the cause for divorce charged really exists. And the only reason for corroborating testimony is to produce the conviction in the mind of the chancellor. When this has been done, by whatever method, no further testimony is necessary.'' In this case the appellee's testimony was corroborated in the most important essential particular by the testimony

of his mother. ▇▇ Appellant was present in court with her counsel and was in good faith contesting the suit but for some unexplained reason did not take the stand and testify or offer any evidence whatever to refute the charges made against her, which fact in itself is a strong circumstance against her. 27 C. J. S., Divorce, Section 136, page 731. After a review of the entire evidence we are of the opinion that appellee's evidence was sufficiently corroborated, especially in view of the fact that there was plainly no collusion between the parties.

▇▇ The second assignment is that the chancellor erred because no habitual cruel and inhuman treatment was shown by the evidence. The parties were married in March 1946 and their child was born in December 1946. In September 1947 appellee was sent overseas. He returned in July 1948 and soon discovered that she was pregnant because of illicit relations with another man. After her second child was born and placed in a home finding institution he filed suit for divorce against her but upon her imprecations he dismissed the suit and resumed the marital relation with her in August 1949. Thereafter she became sullen, would fly into fits of rage, used vile, insulting and abusive language toward him, spat in his face, made derogatory remarks about his parents, flaunted him with the sexual talents and accomplishments of her paramour and told him he could do nothing about it because he had condoned her adultery. He was attending college at that time and because of this treatment he became so upset that he was unable to carry on his school work satisfactorily and his grades showed a material decline, and he finally separated himself from her in January, 1950, and brought the present suit. Appellant contends that her previous acts of adultery, having been condoned by appellee, constitute no element for divorce on the ground of cruel and inhuman treatment. We agree with that position, but the cruelty here alleged is not the previous adultery but the constant flaunting of her previous adultery and the boasting of

the sexual ability and accomplishments of the father of her second child. We adopt the language of the Supreme Court of Iowa in a similar case: "It is difficult to conceive a situation more calculated to impair the health and mental stability of her husband. Its existence necessarily compelled him to live in the atmosphere of fear, uncertainty, humiliation, doubt and misgiving, and we have no hesitation in designating such conduct on the part of the appellant as cruel and inhuman treatment within the meaning of the law". Schnor v. Schnor, 235 Iowa 720, 17 N. W. (2d) 375, 376, 157 A. L. R. 628. In that case the court took note of the fact that the appellant was present when the case was tried but did not take the stand or offer any testimony, and held that the corroboration of appellee's testimony was sufficient. The decree of the lower court is accordingly affirmed.

Affirmed.

**Alexander, Lee, Holmes** and **Arrington, JJ.,** concur.