DANISH BOOK WORLD, INC., and Beverly Realty, Inc., Plaintiffs–Appellants,

v.

BOARD OF ADJUSTMENT OF THE CITY OF CEDAR RAPIDS, Iowa, Defendant–Appellee.

No. 88–801.

Court of Appeals of Iowa.

Aug. 23, 1989.

Gary L. Robinson of Klinger, Robinson & McCuskey, Cedar Rapids, for plaintiffs-appellants.

David F. McGuire, City Atty., and James H. Flitz, Asst. City Atty., for defendant-appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

This is an appeal from a trial court's decision affirming the denial by the Cedar Rapids Board of Adjustment of a variance to plaintiffs-appellants Danish Book World, Inc. and Beverly Realty, Inc. for an adult book store.

## I.

■ We must first determine whether we have jurisdiction to entertain the appeal. The city contends the district court did not have jurisdiction to hear the case because plaintiffs' petition was not verified when filed. Plaintiffs' petition was subsequently verified but not until more than thirty days following the board's decision. We can assume jurisdiction only if the trial court had jurisdiction. *Anderson v. Meier*, 227 Iowa 38, 287 N.W. 250 (1939).

■ A trial court's jurisdiction to review the decision of a political subdivision board or commission is purely statutory and depends upon strict statutory compliance. *Wegman v. City of Iowa City*, 279 N.W.2d 261 (Iowa 1979); *Economy Forms v. Potts*, 259 N.W.2d 787 (Iowa 1977); *Picray v. City of Des Moines*, 348 N.W.2d 645 (Iowa App.1984). Iowa Code section 414.15 (1987) sets forth the procedure for challenging the decision of a board of adjustment. It provides in applicable part:

> Any person ... aggrieved by any decision of the board of adjustment under the provisions of this chapter ... may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

The supreme court has held that the failure to verify a divorce petition does not deprive the court of jurisdiction. *Schnor v. Schnor*, 235 Iowa 720, 722, 17 N.W.2d 375, 376 (1945). In a more recent real estate contract dispute, we found the trial court had correctly overruled a motion to dismiss for failure to verify a petition. *Barks v. White*, 365 N.W.2d 640, 644 (Iowa App. 1985).

■ A writ of certiorari is the remedy by which an aggrieved person can appeal a decision of a board of adjustment. *Cyclone Sand & Gravel Co. v. Zoning Bd. of Adjustment*, 351 N.W.2d 778 (Iowa 1984). (Iowa 1984).

■ The petition filed was timely and substantially complied with the statute. We determine it was sufficient to confer jurisdiction. *In re Guardianship of Ankeney*, 360 N.W.2d 733, 736 (Iowa 1985). We find no basis to defendant's other jurisdictional challenge.

## II.

The next question is whether the trial court was correct in finding defendant Board of Adjustment acted legally in refusing to grant a certificate of occupancy

to plaintiffs' book store, a nonconforming use under the zoning ordinance of the City of Cedar Rapids.

On June 27, 1984, the City of Cedar Rapids amended their Zoning Ordinance. The amendment defined and regulated the location of adult entertainment establishments, including book stores.

An adult book store was defined as an establishment "having as a substantial or significant portion of its stock in trade, books, magazines, and other periodicals ... characterized by their emphasis on matter depicting, describing or relating to 'Specified Sexual Activities' or 'Specified Anatomical Areas.'" The amendment, Ordinance 29–84, established zoning districts where these businesses could locate and also set forth minimum separation requirements. One requirement provided adult book stores could not be located within 450 feet of a residential district. Existing establishments, which became nonconforming uses by passage of the amended ordinance, were allowed three years to amortize their investments existing at the time of enactment. Additional time for amortization could be obtained upon a showing by the business that additional time was necessary for amortization. Only one extension was allowed and it could be for no more than three years.

The Cedar Rapids Zoning Department notified plaintiffs the three-year period was to expire. Plaintiffs applied to the board for a five-year extension. They alleged undue hardship. The board denied the application for extension. Plaintiffs filed a petition for writ of certiorari to the district court. The district court determined the action of the board should be affirmed and annulled the writ.

■ The district court's findings of fact have the same effect as a special jury verdict. *Weldon v. Zoning Board*, 250 N.W.2d 396 (Iowa 1977); *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 888 (Iowa 1976); *Trailer City, Inc. v. Board of Adjustment*, 218 N.W.2d 645, 646–48 (Iowa 1974). They are binding on this court if supported by the substantial weight of the evidence. We are not bound by the trial court's determination of the law, nor are we precluded from inquiring into whether the trial court applied erroneous rules of law which materially affected the decision. *See Blunt, Ellis & Loewi, Inc. v. Igram*, 319 N.W.2d 189 (Iowa 1982).

The Board of Adjustment of Cedar Rapids was authorized to grant a variance to plaintiffs in the form of a time extension for the continued operation of the business. Chapter 32.17(b)(2)(C) of the Cedar Rapids Municipal Code states the standards for variances sought from the Board of Adjustment. Specifically, this provision states:

The Board shall not grant a variance unless it shall make findings based upon the evidence submitted in each specific case that a special condition or conditions exist to the degree that a literal enforcement of the provisions of the ordinance will result in an *unnecessary hardship* and that granting such variance will not be contrary to the public interest nor to the spirit and intent of this ordinance.

*Id.* (emphasis added).

Cedar Rapids Municipal Code section 32.-17(b)(2)(D)(11) states an extension of time for the termination of a nonconforming adult entertainment facility may be available upon a showing of just cause for an extension which is needed to amortize the owner's investment. The Iowa Code also authorizes the Board of Adjustment to grant a variance from the provisions of the municipal ordinances upon a showing of undue hardship, if it is also shown that the variance requested will not be contrary to public interest and contrary to the spirit of the ordinance. Plaintiffs contend the variance should have been granted.

■ In order to establish unnecessary hardship, an application must show (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to the unique circumstances shown the board and not of his or her own making; and (3) the use to be authorized by the variance will not alter the essential character of the locality. *Graziano v. Board of Adjustment*, 323 N.W.2d 233, 236 (Iowa

1982); *Board of Adjustment v. Ruble*, 193 N.W.2d 497, 504 (Iowa 1972); *Deardorf v. Board of Adjustment*, 254 Iowa 380, 386, 118 N.W.2d 78, 81 (Iowa 1962).

■ Cedar Rapids municipal ordinances set forth certain factors to be considered in determining whether to grant a variance. Pursuant to 32.17(b)(2)(D), the Board of Adjustment is to grant variances only in accordance with the standards established in subsection (C) of the chapter. The factors the Board of Adjustment must consider in making its determination whether to grant a variance, as required by 32.-17(b)(2)(C), are as follows:

(1) *Unique Circumstances.* The subject property is unique or exceptional as compared to other properties subject to the same provisions by reason of irregularity, narrowness, shallowness, or substandard or marginal size; exceptional topographical features; or other extraordinary conditions peculiar to and inherent in the property in question and which relate to or arise out of the property rather than the personal situation of the current owner of the property; and which amount to more than a mere inconvenience to the owner.

(2) *Not Exclusively for Financial Gain.* The purpose of the variance is not based exclusively upon a desire to increase financial gain from the property. Proof that the property cannot be used for its highest or best use under the regulations applicable to it, or that it could be used more profitably if not subject to such regulations, shall not in itself justify granting a variance.

(3) *Hardship Not Self–Created.* The aforesaid unique, or special condition existed at the time of the enactment of the provisions of this ordinance which affect it or was the result of government action, other than adoption of this ordinance, for which no compensation was paid, and has not been created by any persons presently having an interest in the property.

(4) *Substantial Rights Denied.* The carrying out of the strict letter of the provisions would deprive the property owner of substantial rights commonly enjoyed by other property owners subject to the same provision.

(5) *Not special Privilege.* The hardship is not merely the inability of the owner or occupant to enjoy some special privilege or additional right not available to owners or occupants of other property subject to the same provisions.

(6) *Not Detrimental.* Granting the variance will not be detrimental to the public welfare or materially injurious to the enjoyment, use, or development of the property in the vicinity; would not materially impair an adequate supply of light and air to adjacent properties; would not substantially increase congestion in the public streets, nor increase the danger of flood or fire, or endanger the public safety, nor substantially diminish or impair property values in the vicinity.

(7) *No Other Remedy.* There is no means other than the requested variance by which the hardship can be avoided or remedied to a degree sufficient to permit a reasonable use of the property.

Plaintiffs contend the members of the Board of Adjustment did not apply these standards, nor were they aware they were required to consider them. At the trial court level, testimony from board members indicates the factors were not considered.

Having determined the Board of Adjustment failed to consider the factors specified in the ordinance, we reverse the denial and remand to the board to reconsider the application under the proper factors. Having done so, we find it unnecessary to address plaintiffs' other issues. We do not by this decision infer what we consider that decision should be.

REVERSED AND REMANDED TO THE BOARD WITH INSTRUCTIONS.